ORIGINAL

1  GLENN L. BRIGGS (SB# 174497)
   gbriggs@hbwllp.com
2  S. SEAN SHAHABI (SB# 204710)
   sshahabi@hbwllp.com
3  THOREY M. BAUER (SB# 234813)
   tbauer@hbwllp.com
4  HODEL BRIGGS WINTER LLP
   8105 Irvine Center Drive, Suite 1400
5  Irvine, CA 92618
   Telephone: (949) 450-8040
6  Facsimile: (949) 450-8033

7  Attorneys for Defendant
   DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.

8

FILED

08 AUG -5 PM 3: 15

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

9            UNITED STATES DISTRICT COURT FOR THE

10           SOUTHERN DISTRICT OF CALIFORNIA

08 CV 1416 J RBB

11 | JOHN SONES, an individual, on
   | behalf of himself, and on behalf of
12 | all persons similarly situated,
   |
13 |            Plaintiffs,
   |
14 |
   |     vs.
15 |
   |
16 | DOWNEY SAVINGS AND LOAN
   | ASSN, F.A; and DOES 1 to 10,
17 |
   |
18 |            Defendants.

CASE NO. _____

(San Diego County Superior Court Case
No. 37-2008-00085515-CU-BT-CTL)

**NOTICE OF REMOVAL OF CIVIL
ACTION TO UNITED STATES
DISTRICT COURT PURSUANT TO
28 U.S.C. SECTIONS 1331 AND
1441(a)-(c) (FEDERAL QUESTION)**

19

20

21

22

23

24

25

26

27

28

32055_1

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Downey Savings and Loan Association, F.A. (hereinafter "Downey Savings") hereby removes to this Court the state court action described below:

1.      On June 11, 2008, Plaintiff John Sones ("Plaintiff") commenced an action against Downey Savings in the Superior Court of the State of California, County of San Diego, entitled <u>John Sones v. Downey Savings and Loan Assn, F.A.</u>, as case number 37-2008-00085515-CU-BT-CTL.  A true and correct copy of the Complaint is attached hereto as Exhibit "A."  A true and correct copy of the summons is attached hereto as Exhibit "B."  Plaintiff did not serve Downey Savings with the Complaint.

2.      On or about June 27, 2008, Plaintiff filed his First Amended Complaint ("FAC").  A true and correct copy of the FAC is attached hereto as Exhibit "C."  Plaintiff provided a courtesy copy of the Complaint and the FAC to Downey Savings' attorneys of record on another pending lawsuit on July 7, 2008 and July 9, 2008, respectively.

3.      Plaintiff formally served the FAC on Downey through a Notice of Acknowledgement, which Plaintiff provided to Downey on or about July 16, 2008, and which Downey executed and returned on July 24, 2008.  A true and correct copy of the Notice of Acknowledgement is attached hereto as Exhibit "D." This Notice of Removal is filed within 30 days from the date upon which Downey received the First Amended Complaint.  <u>See</u> 28 U.S.C. § 1446(b).

1       4.     This action is a civil action in which this Court has original

2  jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to his court

3  by Downey Savings pursuant to 28 U.S.C. § 1441(b) and (c), in that it arises under

4  a federal statute, specifically, the Fair Labor Standards Act ("FLSA"), under 29

5  U.S.C. § 201, et seq.  (See Ex. C, ¶¶ 38-56.)

6

7       5.     This Court has supplemental jurisdiction over any and all

8  remaining state law claims in the FAC under 28 U.S.C. § 1367(a), as they share a

9  common nucleus of operative facts with Plaintiff's federal claim and/or form the

10  basis of that federal claim.  Convenience, judicial economy, and fairness to the

11  parties require that all of Plaintiff's claims be litigated together in a single forum.

12  28 U.S.C. § 1367(a); United Mine Workers v. Gibbs, 383 U.S. 715, 725-26 (1966).

13  These supplemental claims are, therefore, removable under 28 U.S.C. Section

14  1441(c).

15

16       6.     Attached hereto as Exhibit "E" is a copy of Downey Savings'

17  Answer to Plaintiff's Unverified First Amended Class and Collective Action

18  Complaint, which was served and filed with the Superior Court for the State of

19  California, County of San Diego, on August 4, 2008, prior to the removal of this

20  action.

21

22       7.     Downey Savings is informed and believes that Exhibits "A,"

23  "B," "C," "D," and "E" constitute all the process, pleadings, and/or orders filed and

24  received by Downey Savings in this action.

25

26  / / /

27

28  / / /

32055_1

- 3 -

NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

8.    On this or the next business day, notice of this removal is being given to both Plaintiff and to the Clerk of the San Diego County Superior Court. True and correct copies of these notices are attached hereto as Exhibits "F" and "G," respectively.  The proof of service of the Notice to Adverse Party of Removal will be filed with this Court immediately after the Notice is served on Plaintiff and the Superior Court filing is accomplished.


DATED:  August 5, 2008          HODEL BRIGGS WINTER LLP
                                 GLENN L. BRIGGS
                                 S. SEAN SHAHABI
                                 THOREY M. BAUER


                         By:  _____
                                      THOREY M. BAUER
                                 Attorneys for Defendant
                                 DOWNEY SAVINGS AND LOAN
                                 ASSOCIATION, F.A.

**EXHIBIT  A**

1  **BLUMENTHAL & NORDREHAUG**
     Norman B. Blumenthal (State Bar #068687)
2    Kyle R. Nordrehaug (State Bar #205975)
     Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla. CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5
   **UNITED EMPLOYEES LAW GROUP**
6    Walter Haines (State Bar #71705)
   65 Pine Ave, #312
7  Long Beach. CA 90802
   Telephone: (562) 256-1047
8  Facsimile: (562) 256-1006

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10           **IN AND FOR THE COUNTY OF SAN DIEGO**

11 | JOHN SONES. an individual, on behalf of | CASE No._____ 37-2008-00085515-CU-BT-CTL
12 | himself, and on behalf of all persons similarly | 
   | situated. | **CLASS AND COLLECTIVE ACTION**
13 |  | **COMPLAINT FOR:**

14 |              Plaintiffs. | 1. FAILURE TO PAY COMPENSATION IN
   |  | VIOLATION OF 29 U.S.C. § 201. *et seq.*:
15 | v. |
   |  | 2. FAILURE TO PAY WAGES IN
16 | DOWNEY SAVINGS AND LOAN ASSN, | VIOLATION OF CAL. LAB. CODE §§ 510.
   | F.A.; and Does 1 to 10, | 515. 551. 552. 1182. 1194. 1197 AND 1198,
17 |  | *et seq.*:

18 |              Defendants. | 3. FAILURE TO PROVIDE WAGES WHEN
   |  | DUE IN VIOLATION OF CAL. LAB. CODE
19 |  | § 203:

20 |  | 4. FAILURE TO PROVIDE ACCURATE
   |  | ITEMIZED STATEMENTS IN VIOLATION
21 |  | OF CAL. LAB. CODE § 226;

22 |  | 5. FAILURE TO PROVIDE MEAL AND
   |  | REST PERIODS IN VIOLATION OF CAL.
23 |  | LAB. CODE § 226.7 AND 512;

24 |  | 6. FAILURE TO INDEMNIFY IN
   |  | VIOLATION OF CAL. LAB. CODE § 2802:
25 |  | and.

26 |  | 7. UNFAIR COMPETITION IN
   |  | VIOLATION OF CAL. BUS. & PROF.
27 |  | CODE § 17200. *et seq.*

28 |  | DEMAND FOR A JURY TRIAL

---
                                      1

Plaintiff John Sones alleges on information and belief, except for his own acts and knowledge, the following:

## NATURE OF THE ACTION

1.      Plaintiff John Sones ("PLAINTIFF") brings this class action on behalf of himself and a California class consisting of all individuals who are or previously were employed by Defendant Downey Savings and Loan Assn, F.A. and/or Does 1 to 10, (hereinafter collectively referred to as "DEFENDANTS") as loan officers in California during the Class Period as hereinafter defined (the "CLASS").

2.      Individuals in this position of loan officer with DEFENDANTS are and were employees entitled to be classified as non-exempt, entitled to be paid at least minimum wage, entitled to regular and overtime compensation, entitled to be provided with meal and rest breaks, entitled to reimbursement for out-of-pocket expenses spent in discharge of services for the employer's benefit, and entitled to prompt payment of all amounts due and unpaid owing upon leaving employment.

3.      Although DEFENDANTS require their employees employed as loan officers to work more than eight (8) hours a day, more than forty (40) hours a week, and work hours on the seventh (7th) consecutive day of a work week, as a matter of policy and practice, DEFENDANTS consistently and uniformly failed to properly classify these employees, and through such practice, failed to record and pay such employees for hours worked, denying them the compensation that the law requires.

4.      PLAINTIFF, on behalf of himself and the CLASS of loan officers similarly situated, seeks to have all such employees reclassified and recover all the compensation that DEFENDANTS were required by law to provide, but failed to provide, to PLAINTIFF and all other CLASS members, including but not limited to minimum wage for hours worked, regular and overtime compensation for hours worked, compensation for missed meal and rest breaks, reimbursement for out of pocket expenses, compensation for amounts not paid upon leaving employment and such other and further compensation, penalties, and interest as shall be determined.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to Cal. Civ. Proc. Code § 410.10.  The action is brought pursuant to Cal. Civ. Proc. Code § 382, Cal. Civ. Code § 1781 *et seq.*  PLAINTIFF brings this action on their own behalf, and on behalf of all persons within the Class as hereinafter defined.

6.     Venue is proper in this Court pursuant to Cal. Civ. Proc. Code §§ 395 and 395.5 because the DEFENDANTS have and at all relevant times maintained their offices in San Diego County, California and committed the wrongful conduct against members of the class in San Diego County, California.

## PARTIES

7.     Plaintiff John Sones was employed by DEFENDANTS from on or about November 6, 2007 to February 5, 2008, in the state of California.

8.     DEFENDANTS conducted and continue to conduct substantial and regular business in San Diego County, California, and throughout California.  DEFENDANTS also conduct business throughout the United States and are an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act by regularly and recurrently receiving or transmitting interstate communications.

9.     The Defendants named in this Complaint, and Does 1 through 10, inclusive, are, and at all times mentioned herein were, the agents, servants, and/or employees of each of the other Defendant and each Defendant was acting within the course of scope of his, her or its authority as the agent, servant and/or employee of each of the other Defendant.  Consequently, all the DEFENDANTS are jointly and severally liable to the PLAINTIFF and the other members of the CLASS, for the losses sustained as a proximate result of DEFENDANTS' conduct.

## COLLECTIVE ACTION UNDER THE FLSA

10.     PLAINTIFF brings this lawsuit as a collective action under the Fair Labor and Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), on behalf of all persons who were, are, or will be employed by DEFENDANTS in California as loan officers or in other substantially similar

3

1  positions, at any time within the applicable statute of limitations period (the "COLLECTIVE

2  CLASS PERIOD"), who have been misclassified as exempt from compensation for all hours

3  worked (the "COLLECTIVE CLASS"). To the extent equitable tolling operates to toll claims by

4  the COLLECTIVE CLASS against the DEFENDANTS, the COLLECTIVE CLASS PERIOD

5  should be adjusted accordingly. The COLLECTIVE CLASS includes all such persons, whether or

6  not they were paid by commission, by salary, or by part commission and part salary.

7      11.    Questions of law and fact common to the COLLECTIVE CLASS as a whole, but not

8  limited to the following, include:

9      a.    Whether DEFENDANTS misclassified PLAINTIFF and members of the

10             COLLECTIVE CLASS as exempt from receiving compensation for all hours

11             worked, including federal minimum wage compensation and overtime compensation;

12     b.    Whether DEFENDANTS failed to adequately compensate the members

13             of the COLLECTIVE CLASS for all hours worked as required by the FLSA,

14             including the time worked through their meal periods;

15     c.    Whether DEFENDANTS should be enjoined from continuing the practices which

16             violate the FLSA; and,

17     d.    Whether DEFENDANTS are liable to the COLLECTIVE CLASS.

18     12.    The first cause of action for the violations of the FLSA may be brought and

19  maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for

20  all claims asserted by the representative PLAINTIFF of the COLLECTIVE CLASS because the

21  claims of the PLAINTIFF are similar to the claims of the members of the prospective

22  COLLECTIVE CLASS.

23     13.    PLAINTIFF John Sones and the COLLECTIVE CLASS are similarly situated,

24  have substantially similar job requirements and pay provisions, and are subject to DEFENDANTS'

25  common and uniform policy and practice of misclassifying their employees, failing to pay for all

26  actual time worked and wages earned, and failing to accurately record all hours worked by these

27  employees in violation of the FLSA and the Regulations implementing the Act as enacted by the

28  Secretary of Labor (the "REGULATIONS").

## CLASS ACTION ALLEGATIONS

14.   PLAINTIFF John Sones brings this action on behalf of himself in his individual capacity and also on behalf of a California Class of all employees of DEFENDANTS in California who were, are, or will be employed as loan officers or in other substantially similar positions, who were misclassified as exempt from receiving compensation for all hours worked during the period commencing on the date four years prior to the filing of this complaint and ending on the class period cutoff date (the "CALIFORNIA CLASS PERIOD"). This class is hereinafter referred to as the "CALIFORNIA CLASS." The CALIFORNIA CLASS includes all such persons, whether or not they were paid by commission, by salary, or by part commission and part salary.

15.   DEFENDANTS, as a matter of corporate policy, practice and procedure, and in violation of the applicable California Labor Code ("Labor Code") and Industrial Welfare Commission ("IWC") Wage Order Requirements intentionally, knowingly, and systematically misclassified the PLAINTIFF and the other members of the CALIFORNIA CLASS as exempt from receiving compensation for all hours worked and other labor laws in order to avoid the payment of wages due for hours worked by misclassifying their positions as commissioned sales employees. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANTS, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

16.   DEFENDANTS violated the rights of the CALIFORNIA CLASS under California law by:

(a)   Committing an act of unfair competition in violation of the California Labor Code, by failing to pay PLAINTIFF and the members of the CALIFORNIA CLASS all wages and compensation due for all hours worked in a work week.

(b)   Violating California law, including Cal. Labor Code § 204, by failing to pay PLAINTIFF and the members of the CALIFORNIA CLASS pay for all work hours for which DEFENDANTS are liable pursuant to Cal. Lab. Code § 1194.

(c)   Violating Cal. Lab. Code §§ 1194 and 1197, the California Wage Order 4-

2001 (the "Wage Order"), California Code of Regulations § 11040(4), and the applicable California Minimum Wage Orders by failing to pay PLAINTIFF and the members of the CALIFORNIA CLASS at least the applicable minimum wage rate for each year of the CALIFORNIA CLASS PERIOD.

(d)    Violating the Wage Order and California Code of Regulations § 11040 by misclassifying PLAINTIFF and the members of the CALIFORNIA CLASS as exempt commissioned sales persons and failing to provide overtime compensation for all hours worked excess of eight (8) hours in a day, forty (40) in a week, or for hours worked on the seventh (7th) consecutive workday day.

(e)    Violating Cal. Lab. Code § 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the PLAINTIFF and the members of the CALIFORNIA CLASS who have terminated their employment. Thus, DEFENDANTS are liable for such wages for a period of thirty (30) days following the termination of such employment.

(f)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA CLASS with an accurate itemized statement in writing showing the total hours worked by the employee.

(g)    Violating the Wage Order and California Code of Regulations § 11040. subsection 7. by failing to maintain accurate records of time and hours worked in the payroll period and failing to make such information available to employees.

(h)    Violating Cal. Lab. Code §§ 1198 and 226.7 and the regulations and orders implementing the Code, by failing to provide PLAINTIFF and the members

6

1  of the CALIFORNIA CLASS with meal periods and are thus liable for

2  premium pay of one hour for each workday such meal periods were denied.

3     (i)     Violating Cal. Lab. Code § 2802 by failing to indemnify and reimburse

4          PLAINTIFF, and all the members of the CALIFORNIA CLASS for all

5          expenses incurred in direct consequence of the discharge of their duties

6  17.    This Class Action meets the statutory prerequisites for the maintenance of a Class

7  Action as set forth in California Code of Civil Procedure § 382, in that:

8     (a)    The persons who comprise the CALIFORNIA CLASS are so numerous that

9          the joinder of all such persons is impracticable and the disposition of their

10          claims as a class will benefit the parties and the Court;

11     (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that

12          are raised in this Complaint are common to the CALIFORNIA CLASS and

13          will apply uniformly to every member of the CALIFORNIA CLASS;

14     (c)    The claims of the representative PLAINTIFF are typical of the claims of each

15          member of the CALIFORNIA CLASS.   PLAINTIFF, like all other members

16          of the CALIFORNIA CLASS, was systematically misclassified as exempt

17          from receiving compensation for all hours worked and sustained economic

18          injuries arising from DEFENDANTS' violations of the laws of California.

19          PLAINTIFF and the members of the CALIFORNIA CLASS are similarly or

20          identically harmed by the same unlawful, deceptive, unfair and pervasive

21          pattern of misconduct engaged in by the DEFENDANTS of systematically

22          misclassifying as exempt all loan officers from receiving compensation for all

23          hours worked.

24     (d)    The representative PLAINTIFF will fairly and adequately represent and

25          protect the interest of the CALIFORNIA CLASS, and has retained counsel

26          who are competent and experienced in Class Action litigation.   There are no

27          material conflicts between the claims of the representative PLAINTIFF and

28          the members of the CALIFORNIA CLASS that would make class

7

1    certification inappropriate.  Counsel for the CALIFORNIA CLASS will

2    vigorously assert the claims of all Class Members.

3        18.    In addition to meeting the statutory prerequisites to a Class Action, this action is

4    properly maintained as a Class Action pursuant to Cal. Code of Civil Procedure § 382, in that:

5        (a)    Without class certification and determination of declaratory, injunctive,

6    statutory and other legal questions within the class format, prosecution of

7    separate actions by individual members of the CALIFORNIA CLASS will

8    create the risk of:

9        1)    Inconsistent or varying adjudications with respect to individual

10   members of the CALIFORNIA CLASS which would establish

11   incompatible standards of conduct for the parties opposing the

12   CALIFORNIA CLASS; or,

13       2)    Adjudication with respect to individual members of the

14   CALIFORNIA CLASS which would as a practical matter be

15   dispositive of interests of the other members not party to the

16   adjudication or substantially impair or impede their ability to protect

17   their interests.

18       (b)    The parties opposing the CALIFORNIA CLASS have acted on grounds

19   generally applicable to the CALIFORNIA CLASS, making appropriate class-

20   wide relief with respect to the CALIFORNIA CLASS as a whole in that the

21   DEFENDANTS systematically misclassified all loan officers as exempt from

22   receiving compensation for all hours worked;

23       (c)    Common questions of law and fact exist as to the members of the

24   CALIFORNIA CLASS and predominate over any question affecting only

25   individual members, and a Class Action is superior to other available

26   methods for the fair and efficient adjudication of the controversy, including

27   consideration of:

28       1)    The interests of the members of the CALIFORNIA CLASS in

8

COMPLAINT

individually controlling the prosecution or defense of separate actions;

2)   The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA CLASS;

3)   The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

4)   The difficulties likely to be encountered in the management of a Class Action; and,

5)   The basis of DEFENDANTS misclassifying PLAINTIFF and the CALIFORNIA CLASS as exempt from receiving overtime compensation.

19.   This Court should permit this action to be maintained as a Class Action pursuant to California Code of Civil Procedure § 382 because:

(a)   The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual members;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS;

(c)   The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)   PLAINTIFF, and the other CALIFORNIA CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANTS' actions have inflicted upon the CALIFORNIA CLASS;

9

(f) There is a community of interest in ensuring that the combined assets and available insurance of DEFENDANTS are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g) DEFENDANTS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole; and

(h) The members of the CALIFORNIA CLASS are readily ascertainable from the business records of the DEFENDANTS. The CALIFORNIA CLASS consists of all of DEFENDANTS' employees employed as loan officers in California who were classified as exempt from receiving wages for all hours worked. DEFENDANTS, as a matter of law, has the burden of proving the basis for the exemption as to each and every loan officer so classified. To the extent that DEFENDANTS have failed to maintain records sufficient to establish the basis for the exemption (including but not limited to, the employee's job duties, wages, and hours worked) for any loan officer, DEFENDANTS are estopped, as a matter of law, to assert the existence of the exemption.

## GENERAL ALLEGATIONS

20. DEFENDANTS, as a matter of corporate policy, practice and procedure, and in violation of the applicable California Labor Code ("Labor Code"), Industrial Welfare Commission ("IWC") Wage Order Requirements, and the applicable provisions of the FLSA, intentionally, knowingly, and wilfully, on the basis of job title alone and without regard to the actual overall requirements of the job or compensation paid, systematically misclassified the PLAINTIFF and the other members of the CALIFORNIA CLASS and the COLLECTIVE CLASS (the "CLASS") as exempt from receiving wages for all hours worked. This practice of DEFENDANTS was intended to purposefully avoid the payment of earned wages by misclassifying the PLAINTIFF and other loan

10

1    officers similarly situated as exempt, commissioned sales people, regardless of whether wages

2    should have been paid and regardless of whether actual "commissions" were in fact paid to the

3    CLASS. To the extent equitable tolling operates to toll claims by the CLASS against

4    DEFENDANTS, the CALIFORNIA CLASS PERIOD and the COLLECTIVE CLASS PERIOD (the

5    "CLASS PERIODS") should be adjusted accordingly.

6        21.    DEFENDANTS have intentionally and deliberately created numerous job levels and

7    a multitude of job titles to create the superficial appearance of hundreds of unique jobs, when in

8    fact, these jobs are substantially similar and can be easily grouped together for the purpose of

9    determining whether they are entitled to wages for hours worked and whether DEFENDANTS were

10   required to maintain accurate time and hour records. Indeed, one of DEFENDANTS' purposes in

11   creating and maintaining this multi-level job classification scheme is to create a roadblock to

12   discovery and class certification for all employees similarly misclassified as exempt.

13   DEFENDANTS have uniformly misclassified these CLASS members as exempt and denied them

14   wages and other benefits to which they are entitled in order to unfairly cheat the competition and

15   unlawfully profit.

16       22.    DEFENDANTS maintain records from which the Court can ascertain and identify

17   each of DEFENDANTS' employees who as CLASS members, have been systematically,

18   intentionally and uniformly misclassified as exempt from receiving wages for all hours worked as a

19   matter of DEFENDANTS' corporate policy, practice and procedure. To the extent DEFENDANTS'

20   have assigned job titles other than "loan officer" to employees subjected to the practices herein

21   alleged, PLAINTIFF will seek leave to amend the complaint to include any additional job titles

22   when they have been identified.

23       23.    DEFENDANTS have intentionally and deliberately created a variety of pay

24   structures to create the superficial appearance of unique payment plans, when in fact, these payment

25   plans were all effectuated and applied across the board to all employees at certain times during the

26   CLASS PERIOD. One of DEFENDANTS' purposes in creating and maintaining different payment

27   schemes throughout the CLASS PERIOD is to create a roadblock to discovery and class

28   certification for all employees similarly misclassified as exempt. PLAINTIFF and the other

11

COMPLAINT

1  members of the CLASS were all similarly subjected to each payment plan when such plans were put

2  in place by DEFENDANTS. These employees can be easily grouped together for the purpose of

3  analyzing whether each payment plan deprived the PLAINTIFF and members of the CLASS of

4  wages and rights to which these employees were entitled receive because DEFENDANTS uniformly

5  subjected PLAINTIFF and the CLASS members to each payment plan, for each period that each

6  plan was in effect, thereby denying PLAINTIFF and the members of the CLASS wages and rights to

7  which they are entitled, in order to unfairly cheat the competition and unlawfully profit.

8      24.    DEFENDANTS maintain records from which the Court can ascertain and identify

9  each of DEFENDANTS' pay structures that systematically, intentionally and uniformly deprived

10  PLAINTIFF and the members of the CLASS from receiving wages for all hours worked as a matter

11  of DEFENDANTS' corporate policy, practice and procedure.   PLAINTIFF will seek leave to

12  amend the complaint to detail these pay structures, whether such pay structures were comprised of

13  pay by commission, by salary, or by part commission and part salary.

14

15                          **THE CONDUCT**

16      25.    PLAINTIFF John Sones was hired by DEFENDANTS and placed initially placed

17  into the job title of "loan officer," in one of DEFENDANTS' offices in the state of California. The

18  job title was described to the PLAINTIFF as a full-time position, wherein the performance of certain

19  duties would entitle PLAINTIFF to commissions. PLAINTIFF functioned as a working member on

20  the production side of the mortgage business for DEFENDANTS. The job duties of PLAINTIFF

21  and the other members of the CLASS are to deliver loan applications, market DEFENDANTS'

22  loans according to established procedures, prepare loan documentation and applications, write loans

23  according to DEFENDANTS guidelines, process DEFENDANTS' mailers, and make calls from

24  DEFENDANTS' offices. A mortgage loan is the product that DEFENDANTS deliver to the

25  customers. The PLAINTIFF and other members of the CLASS prepare loan documentation and

26  applications for submission based on rigidly defined parameters established by DEFENDANTS.

27  Effectively, the members of the CLASS act simply as clerks, delivering loan applications and

28  preparing the loan applications based upon DEFENDANTS' criteria so as to qualify the product as a

                                    12

1   loan. In delivering and preparing loan applications, the members of the CLASS are endowed with

2   no authority to change any of DEFENDANTS' product criteria. Like any clerk, the members of the

3   CLASS can only follow the criteria established by the DEFENDANTS in a routine, automatic

4   manner that is devoid of any independent judgment or discretion. In addition, as part of his

5   employment with DEFENDANTS, PLAINTIFF was required to use his cell-phone and automobile

6   to conduct business. DEFENDANTS, however, refused to reimburse PLAINTIFF for the cell-

7   phone expense and automobile expense expended in direct consequence of the discharge of

8   PLAINTIFF'S duties for DEFENDANTS.

9       26.     In performing these routine tasks for DEFENDANTS at DEFENDANTS' offices, the

10  members of the CLASS have worked and continue to work for DEFENDANTS without being paid

11  the requisite minimum or overtime wages for all hours worked. As a result of these rigorous

12  demands, PLAINTIFF and other similarly situated employees were also often unable to take

13  uninterrupted meal and/or rest breaks due to the press of DEFENDANTS' business. During the

14  Class Period, PLAINTIFF, and the members of the CLASS worked and/or still work on the

15  production side of the DEFENDANTS' business, but are nevertheless misclassified as exempt.

16      27.     Neither the PLAINTIFF, nor any member of the CLASS, was primarily engaged in

17  work of a type that was or now is directly related to the DEFENDANTS' management policies or

18  general business operations, when giving these words a fair but narrow construction. Neither the

19  PLAINTIFF, nor any member of the CLASS was primarily engaged in work of a type that was or

20  now is performed at the level of the policy or management of the DEFENDANTS. To the contrary,

21  the work of DEFENDANTS' loan officers is work wherein PLAINTIFF and the members of the

22  CLASS are primarily engaged in the day to day business operations of the DEFENDANTS, to

23  mechanically deliver completed loan applications in accordance with the established criteria of the

24  management policies and general business operations established by DEFENDANTS' management.

25  In this way, the work of PLAINTIFF and the members of the CLASS is focused solely on the

26  mechanical routine of obtaining and submitted the loan documentation pursuant to

27  DEFENDANTS' established criteria. A loan officer's work in obtaining and preparing loan

28  applications does not permit judgment or discretion that is independent, as this work is performed

1   according to DEFENDANTS' established criteria and procedures.

2       28.    Considerations such as (a) DEFENDANTS' realistic expectations for the job titled

3   loan officer, on the production side of the DEFENDANTS' business enterprise, and (b) the actual

4   overall requirements of the job titled loan officer, are susceptible to common proof. The fact that

5   their work and those of other similarly situated employees involved, on occasion, a bonus or a draw

6   on commission does not mean that the PLAINTIFF and other members of the CLASS are exempt

7   from receiving minimum or overtime wages for all hours worked. The work that PLAINTIFF and

8   other members of the CLASS were and are primarily engaged in performing day to day activities is

9   the work that is required to be performed as part of the day to day business of DEFENDANTS of

10  obtaining and preparing loan applications. As a result, PLAINTIFF and the other members of the

11  CLASS were and still are primarily engaged in work that falls squarely on the production side of the

12  administrative/production worker dichotomy.

13      29.    DEFENDANTS systematically misclassified as exempt PLAINTIFF and all other

14  members of the CALIFORNIA CLASS and COLLECTIVE CLASS solely on the basis of their job

15  title and without regard to DEFENDANTS' realistic expectations, the actual overall requirements of

16  the job, the hours worked or the pay received by the employee. Consequently, PLAINTIFF and the

17  other members of the CALIFORNIA CLASS and COLLECTIVE CLASS were uniformly and

18  systematically exempted by DEFENDANTS from payment of wages due for hours worked during

19  the CLASS PERIOD. DEFENDANTS also had a written company policy whereby DEFENDANTS

20  would reduce or eliminate an employee's earned compensation at the DEFENDANTS' discretion, in

21  violation of Cal. Labor Code § 221, Cal. Code of Regulations, Title 8, § 11040, and the applicable

22  Wage Order.

23      30.    Cal. Lab. Code § 515 appoints the Industrial Welfare Commission to establish

24  exemptions from the requirement that an overtime rate of compensation be paid pursuant to

25  Sections 510 and 511 for executive, administrative, and professional employees, provided that the

26  employee is primarily engaged in the duties that meet the test of the exemption, customarily and

27  regularly exercises discretion and independent judgment in performing those duties, and earns a

28  monthly salary equivalent to no less than two times the state minimum wage for full-time

1   employment. California Labor Code § 515 and Industrial Welfare Commission Wage Order 4-2001

2   (the "Wage Order") set forth the requirements which must be satisfied in order for an employee to

3   be lawfully classified as exempt from certain provisions of the Wage Order. Although wrongfully

4   classified by DEFENDANTS as exempt from certain requirements of the Wage Order at the time of

5   hire and thereafter, PLAINTIFF, and all other members of the similarly-situated CALIFORNIA

6   CLASS, are not exempt under Industrial Welfare Commission Wage Order 4-2001 (the "Wage

7   Order"), and Cal. Lab. Code § 515.

8         31.     Section 13 of the FLSA and 29 Code of Federal Regulations Part 541, *et seq.*, set

9   forth the requirements which must be satisfied in order for an employee to be lawfully classified as

10  exempt. Although wrongfully classified by DEFENDANTS as exempt at the time of hire and

11  thereafter, PLAINTIFF, and all other members of the similarly-situated COLLECTIVE CLASS, are

12  not exempt under section 13 of the FLSA or the provisions of 29 C.F.R. 541, *et seq.*

13        32.     Despite the fact that PLAINTIFF, and the other members of the CLASS, regularly

14  worked in excess of eight (8) hours a day and/or forty (40) hours per week and/or on the seventh

15  (7th) consecutive day of a work week, they did not receive minimum wages for the time worked nor

16  overtime wages for the overtime hours worked, and as a result suffered an economic injury.

17        33.     Pursuant to California Labor Code Section 1197, the payment of wages to

18  employees less than the minimum wage established by the Industrial Welfare Commission is

19  unlawful. DEFENDANTS have failed to pay PLAINTIFF and the other members of the

20  CALIFORNIA CLASS wages at the amount established by the Minimum Wage Order, as set forth

21  in Cal. Code of Regulations § 11000. The only employees to whom the applicability of the

22  minimum wage order would not apply are employees who are exempt under the executive,

23  administrative, or professional exemptions. As described above, the duties of PLAINTIFF and the

24  other members of the CLASS do not qualify these employees for any of these exemptions. The only

25  other employees who may be exempt from the minimum wage requirements are "outside sales

26  persons." Neither PLAINTIFF nor any member of the CALIFORNIA CLASS were outside sales

27  persons as defined by the Wage Order because more than half the working day was not spent away

28  from the employer's place of business selling tangible or intangible items or obtaining orders or

<div align="center">15</div>

<div align="center">COMPLAINT</div>

1  contracts for products, services or use of facilities.

2    34.    California Code of Regulations § 11040(3)(A) provides that:

3        The provisions of subsections (A), (B) and (C) [of the Wage Order] above shall not

4        apply to any employee whose earnings exceed one and one-half (1 1/2) times the

5        minimum wage if more than half of that employee's compensation represents

6        commissions.

7  PLAINTIFF and the other members of the CLASS were not paid according to the structure above,

8  and were, therefore, not exempt from the requirement that they be paid overtime. Further,

9  employees who are paid pursuant to the pay structure outlined by Cal. Code of Regs. § 11040(3)

10 would only be exempt from the provisions of subsections (A), (B) and (C), which govern the

11 payment of overtime. Nothing in this limited exemption, however, relieves an employer from the

12 obligations of:

13    (i)    California Code of Regulations § 11040(4), which requires employers to pay at least

14        minimum wage;

15    (ii)    California Code of Regulations § 11040(7), which requires employers to provide

16        accurate, itemized statements;

17    (iii)    California Code of Regulations § 11040(11), which requires employers to provide

18        meal periods to employees; or

19    (iv)    California Code of Regulations § 11040(12), which requires employers to provide

20        rest periods to employees.

21    35.    Section 6 of the FLSA sets forth the requirement that employees engaged in

22 commerce, such as PLAINTIFF and the other members of the COLLECTIVE CLASS, shall be paid

23 at the applicable federally established rate of minimum wage. DEFENDANTS have violated

24 section 6 of the FLSA by not paying PLAINTIFF and the other members of the COLLECTIVE

25 CLASS at the rates established by section 6 of the FLSA.

26    36.    Pursuant to 29 U.S.C. § 207, PLAINTIFF and other members of the COLLECTIVE

27 CLASS, were required to be compensated for all meal breaks taken by PLAINTIFF and the other

28 members of the COLLECTIVE CLASS where they performed duties predominantly for the benefit

1    of the DEFENDANTS during the meal breaks.   Under 29 CFR 785.19, this time spent during the

2    lunch break is compensable because PLAINTIFF and the other members of the COLLECTIVE

3    CLASS were required to perform duties while eating.

4

5                        **FIRST CAUSE OF ACTION**

6         **Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA")**

7      **(By PLAINTIFF and the COLLECTIVE CLASS and Against all DEFENDANTS)**

8         37.    PLAINTIFF, and the other members of the COLLECTIVE CLASS,

9    reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 36

10   of this Complaint.

11        38.    DEFENDANTS are engaged in communication, business, and transmission

12   throughout the United States and are, therefore, engaged in commerce within the meaning of 29

13   U.S.C. § 203(b).

14        39.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful

15   violations of the FLSA.

16        40.    The Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., states that an employee must

17   be compensated for all hours worked, including all straight time compensation and overtime

18   compensation.  29 C.F.R. §778.223 and 29 C.F.R. §778.315.  This Court has concurrent jurisdiction

19   over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. § 216.

20        41.    29 U.S.C. § 206 provides that every employer shall pay to each of his

21   employees who in any workweek is engaged in commerce or in the production of goods for

22   commerce, or is employed in an enterprise engaged in commerce or in the production of goods for

23   commerce, wages at the rate of $5.15 per hour during the period of the COLLECTIVE CLASS

24   PERIOD up to July 24, 2007, except that employees under twenty (20) years of wage must be paid

25   at least $4.25 per hour during their first 90 consecutive calendar days of employment with an

26   employer.  For the period from July 24, 2007 to twelve (12) months thereafter, the federal minimum

27   rate for hourly wages was $5.85 per hour.  Beginning July 24, 2008, the federal minimum rate for

28   hourly wages will be $6.55 per hour, until July 24, 2009, when the rate will be $7.25.

42.    Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not apply to:

> any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 USCS §§ 551 *et seq.*] except [that] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities).

43.    DEFENDANTS have willfully engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed above, by uniformly designating certain employees as "exempt" employees, by their job title and without regard to DEFENDANTS' realistic expectations and actual overall requirements of the job, including PLAINTIFF and the other members of the COLLECTIVE CLASS who worked on the production side of the DEFENDANTS' business enterprise. This was done in an illegal attempt to avoid payment of minimum wages, overtime wages and other benefits in violation of the FLSA and Code of Federal Regulations requirements.

44.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, PLAINTIFF and the members of the COLLECTIVE CLASS are entitled to compensation for all hours actually worked, including time working during meal periods, compensation based on wages at a rate not less than the federal minimum wage describe above, and compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

45.    29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the

1    exempt status of an employee. The exempt or nonexempt status of any particular employee must be

2    determined on the basis of whether the employee's salary and duties meet the requirements of the

3    regulations in this part.

4        46.    The exemptions of the FLSA as listed in section 13(a), and as explained

5    by 29 C.F.R. 541.3. do not apply to PLAINTIFF and the other members of the COLLECTIVE

6    CLASS. because their work consists of non-management, production line labor performed with

7    skills and knowledge acquired from on-the-job training. rather than from the prolonged course of

8    specialized intellectual instruction required for exempt learned professional employees such as

9    medical doctors. architects and archeologists.  PLAINTIFF does not hold a bachelor's degree related

10   to finance, has not taken any prolonged course of specialization relating to finance, and has attained

11   the vast majority of the skills used as an employee of DEFENDANTS from on the job training.

12       47.    For an employee to be exempt as a bona fide "executive," all the

13   following criteria must be met and DEFENDANTS have the burden of proving that:

14       (a)    The employee's primary duty must be management of the enterprise. or of a

15           customarily recognized department or subdivision;

16       (b)    The employee must customarily and regularly direct the work of at least two (2) or

17           more other employees;

18       (c)    The employee must have the authority to hire and fire. or to command particularly

19           serious attention to his or his recommendations on such actions affecting other

20           employees; and,

21       (d)    The employee must be primarily engaged in duties which meet the test of exemption.

22   No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet the

23   requirements of being an "executive" under section 13 of the FLSA and 29 C.F.R. 541.100.

24       48.    For an employee to be exempt as a bona fide "administrator," all of the

25   following criteria must be met and DEFENDANTS have the burden of proving that:

26       (a)    The employee must perform office or non-manual work directly related to

27           management or general business operation of the employer or the employer's

28           customers;

(b)   The employee must customarily and regularly exercise discretion and independent judgment with respect to matters of significance; and,

(c)   The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)   The employee must perform under only general supervision, work requiring special training, experience, or knowledge; and,

(e)   The employee must be primarily engaged in duties which meet the test of exemption. No member of the COLLECTIVE CLASS was or is an administrator because they all fail to meet the requirements for being an "administrator" under section 13(a) of the FLSA and 29 C.F.R. 541.202.  PLAINTIFF and the other members of the COLLECTIVE CLASS perform their primary, day to day duties without the requisite amount of discretion and independent judgment needed to qualify for the administrative exemption.

49.   During the COLLECTIVE CLASS PERIOD, the PLAINTIFF, and other members of the COLLECTIVE CLASS, worked more than forty (40) hours in a work week and were also required to perform duties that were primarily for the benefit of the employer during meal periods.

50.   At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members of the COLLECTIVE CLASS, minimum wages for all hours worked and overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by section 7 of the FLSA, even though PLAINTIFF and the other members of the COLLECTIVE CLASS, were regularly required to work, and did in fact work, both regular overtime hours.

51.   At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members of the COLLECTIVE CLASS, regular compensation for the hours they have worked, performing duties primarily for the benefit of the employer during meal periods.

52.   For purposes of the Fair Labor Standards Act, the employment practices of DEFENDANTS were and are uniform throughout California in all respects material to the claims asserted in this Complaint.

53.   There are no other exemptions applicable to PLAINTIFF and/or to members of the

1  COLLECTIVE CLASS.

2  54.    As a result of DEFENDANTS' failure to pay minimum wages and overtime

3  compensation for hours worked, as required by the FLSA, PLAINTIFF and the members of the

4  COLLECTIVE CLASS were damaged in an amount to be proved at trial.

5  55.    PLAINTIFF, therefore, demands that he and the members of the COLLECTIVE

6  CLASS be paid minimum wages as required by the FLSA for every hour worked in any work week

7  for which they were not compensated, overtime compensation as required by the FLSA for every

8  hour of overtime worked in any work week for which they were not compensated, straight wages for

9  every hour worked primarily for the benefit of DEFENDANTS during meal breaks for which they

10  were not compensated, plus interest and attorneys' fees as provided by law.

11

12  **SECOND CAUSE OF ACTION**

13  **For Failure To Pay Earned Wages and Overtime Compensation**

14  **[Cal. Lab. Code §§ 204, 210, 218, 510, 1194, 1197 and 1198]**

15  **(By PLAINTIFF and the CALIFORNIA CLASS and Against all Defendants)**

16

17  56.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

18  incorporate by this reference, as though fully set forth herein, paragraphs 1 through 55 of this

19  Complaint.

20  57.    Cal. Lab. Code § 204 requires employers to pay employees for all hours worked as

21  follows: "all wages... ...earned by any person in any employment are due and payable twice during

22  each calendar month, on days designated in advance by the employer as the regular paydays." Cal.

23  Lab. Code § 510 further provides that employees in California shall not be employed more than

24  eight (8) hours in any workday or forty (40) hours in a workweek or on a seventh (7th) consecutive

25  workday of a workweek unless they receive additional compensation beyond their regular wages in

26  amounts specified by law.

27  58.    Cal. Lab. Code § 551 states that, "Every person employed in any occupation of labor

is entitled to one day's rest therefrom in seven."

28  59.    Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees to

1  work more than six days in seven."

2      60.    Cal. Lab. Code § 1194 states:

3          Notwithstanding any agreement to work for a lesser wage, any employee receiving

4          less than the legal minimum wage or the legal overtime compensation applicable to

5          the employee is entitled to recover in a civil action the unpaid balance of the full

6          amount of this minimum wage or overtime compensation, including interest thereon,

7          reasonable attorney's fees, and costs of suit.

8      61.    Cal. Lab. Code § 1197 states the requirement that a minimum wage be paid and

9  provides:

10         The minimum wage for employees fixed by the commission is the minimum wage to

11         be paid to employees, and the payment of a less wage than the minimum so fixed is

12         unlawful.

13     62.    Cal. Lab. Code § 1198 provides:

14         The maximum hours of work and the standard conditions of labor fixed by the

15         commission shall be the maximum hours of work and the standard conditions of

16         labor for employees.  The employment of any employee for longer hours than those

17         fixed by the order or under conditions of labor prohibited by the order is unlawful.

18     63.    DEFENDANTS have intentionally and uniformly designated certain employees as

19  "exempt" from receiving wages for all hours worked and from receiving certain other rights, by

20  their job title and without regard to DEFENDANTS' realistic expectations, the requirements of the

21  job, and the method of payment made by DEFENDANTS, including PLAINTIFF and the other

22  members of the CALIFORNIA CLASS who worked on the production side of the DEFENDANTS'

23  business enterprise.  This was done in an illegal attempt to avoid payment of regular and overtime

24  wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission

25  requirements.

26     64.    Only employees whose primary job duties meet the test of exemption as a(n)

27  "executive," "administrator," "professional," or as an "outside salesperson" may be exempt from

28  the provisions of the Wage Order that require the payment of minimum wage and overtime.  The

1  primary job duties of the PLAINTIFF and the members of the CALIFORNIA CLASS would not
2  qualify these employees to meet either of these exemptions.

3        65.    For an employee to be exempt as a bona fide "executive," all the following criteria
4  must be met and DEFENDANTS have the burden of proving that:

5        (a)    The employee's primary duty must be management of the enterprise, or of a
6               customarily recognized department or subdivision; and.

7        (b)    The employee must customarily and regularly direct the work of at least two (2) or
8               more other employees; and,

9        (c)    The employee must have the authority to hire and fire, or to command particularly
10              serious attention to his or his recommendations on such actions affecting other
11              employees; and,

12       (d)    The employee must customarily and regularly exercise discretion and independent
13              judgment; and,

14       (e)    The employee must be primarily engaged in duties which meet the test of exemption.
15  No member of the CALIFORNIA CLASS was or is an executive because they all fail to meet the
16  requirements of being an "executive" within the meaning of Order No. 4-2001.

17       66.    For an employee to be exempt as a bona fide "administrator," all of the following
18  criteria must be met and DEFENDANTS have the burden of proving that:

19       (a)    The employee must perform office or non-manual work directly related to
20              management policies or general business operation of the employer; and,

21       (b)    The employee must customarily and regularly exercise discretion and independent
22              judgment: and,

23       (c)    The employee must regularly and directly assist a proprietor or an exempt
24              administrator: or,

25       (d)    The employee must perform, under only general supervision, work requiring special
26              training, experience, or knowledge, or,

27       (e)    The employee must execute special assignments and tasks under only general
28              supervision; and.

1    (f)    The employee must be primarily engaged in duties which meet the test of exemption.

2    No member of the CALIFORNIA CLASS was or is an administrator because they all fail to meet

3    the requirements for being an "administrator" under Order No. 4-2001.

4    67.    The Industrial Welfare Commission, ICW Wage Order 4-2001 also sets forth the

5    requirements which must be complied with to place an employee in the "professional" exempt

6    category. For an employee to be exempt as a bona fide professional, all the following criteria must

7    be met:

8    (a)    The employee must primarily perform work that is intellectual or creative and

9    that requires the exercise of discretion and independent judgment.

10    (b)    The employee must be licensed of certified by the state of California and is

11    primarily engaged in the practice of one of the following recognized

12    professions: law, medicine, dentistry, optometry, architecture, engineering,

13    teaching or accounting.

14    No member of the CALIFORNIA CLASS was or is an administrator because they all fail to meet

15    the requirements for being an "professional" under Order No. 4-2001.

16    68.    PLAINTIFF, and other members of the CALIFORNIA CLASS, do not fit the

17    definition of an exempt executive, administrative, or professional employee because:

18    (a) Less than fifty percent (50%) of their work hours are spent on managerial or

19    administrative (exempt) duties;

20    (b) More than fifty percent (50%) of their work hours are spent performing non

21    exempt duties, including but not limited to answering telephones, filling out pre-

22    printed forms and following strict and exacting procedures;

23    (c) They do not have the discretion or independent judgment, in that they must follow

24    exacting and comprehensive company-wide policies and procedures which dictate

25    every aspect of their work day;

26    (d) They do not have the authority to hire and/or fire other personnel; and,

27    (e) PLAINTIFF and the other members of the CALIFORNIA CLASS did not earn a

28    monthly salary equivalent to two (2) times the state minimum wage for full-time

1          employment.

2          69.    PLAINTIFF, and other members of the CALIFORNIA CLASS, are not outside

3   salespersons within the meaning of the Wage Order because they did not and do not customarily and

4   regularly work more than half their working time away from the employer's place of business

5   selling tangible or intangible items or obtaining orders or contracts for products, services or use of

6   facilities.

7          70.    PLAINTIFF, and other members of the CALIFORNIA CLASS, are not qualified

8   for exemption from overtime by virtue of receipt of payment of commissions, under subsection (D)

9   of Section 3 of the Wage Order, because the earnings of PLAINTIFF and the other members of the

10   CLASS did not exceed one and one-half (1 ½) times the minimum wage and/or less than half the

11   employee's compensation represents "commissions."

12          71.    During the class period, the PLAINTIFF, and other members of the CALIFORNIA

13   CLASS, worked more than eight (8) hours in a workday and/or forty (40) hours in a work week

14   and/or on the seventh (7th) consecutive day of a workweek.

15          72.    At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members

16   of the CALIFORNIA CLASS, at least minimum wage for all hours they have worked and overtime

17   compensation for the hours they worked in excess of the maximum hours permissible by law as

18   required by Cal. Lab. Code §§ 510 and 1198, et seq. and the Wage Order, even though PLAINTIFF,

19   and the other members of the CALIFORNIA CLASS, were regularly worked regular hours at

20   DEFENDANTS' offices, and did in fact work overtime hours for DEFENDANTS.

21          73.    By virtue of DEFENDANTS' unlawful failure to pay additional

22   compensation to the PLAINTIFF, and the other members of the CALIFORNIA CLASS, for their

23   regular and overtime hours, the PLAINTIFF, and the other members of the CALIFORNIA CLASS,

24   have suffered, and will continue to suffer, an economic injury in amounts which are presently

25   unknown to them and which will be ascertained according to proof at trial.

26          74.    DEFENDANTS knew or should have known that PLAINTIFF, and the other

27   members of the CALIFORNIA CLASS, were misclassified as exempt from wages and

28   DEFENDANTS systematically elected, either through intentional malfeasance or gross nonfeasance,

1 | not to pay them for their labor as a matter of uniform corporate policy, practice and procedure.

2 | There is no basis for DEFENDANTS' failure to pay minimum wages to loan officers.

3 |      75.    Therefore, PLAINTIFF, and the other members of the CALIFORNIA CLASS,

4 | request recovery of regular and overtime compensation according to proof, interest, attorney's fees

5 | and cost pursuant to Cal. Lab. Code § 218.5 and § 1194(a), as well as the assessment of any

6 | statutory penalties against DEFENDANTS, in a sum as provided by the Cal. Lab. Code and/or other

7 | statutes. Further, PLAINTIFF, and the other members of the CALIFORNIA CLASS, are entitled to

8 | seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5 and 1194.

9 |      76.    In performing the acts and practices herein alleged in violation of labor laws and

10 | refusing to provide the requisite regular and overtime compensation, the DEFENDANTS acted and

11 | continue to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and toward the

12 | other members of the CALIFORNIA CLASS, with a conscious and utter disregard of their legal

13 | rights, or the consequences to them, and with the despicable intent of depriving them of their

14 | property and legal rights and otherwise causing them injury in order to increase corporate profits at

15 | the expense of PLAINTIFF and the members of the Class.

16 |

17 | **THIRD CAUSE OF ACTION**

18 | **For Failure to Pay Wages When Due**

19 | **[ Cal. Lab. Code § 203]**

20 | **(By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

21 |      77.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

22 | incorporate by reference, as though fully set forth herein, paragraphs 1 through 76 of this Complaint.

23 |      78.    Cal. Lab. Code § 200 provides that:

24 |     As used in this article:

25 |     (a) "Wages" includes all amounts for labor performed by employees of every

26 |     description, whether the amount is fixed or ascertained by the standard of time, task,

27 |     piece, commission basis, or other method of calculation.

28 |     (b) "Labor" includes labor, work, or service whether rendered or performed under

contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

79.   Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

80.   Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

81.   Many of the CALIFORNIA CLASS members, including the PLAINTIFF, have terminated their employment and DEFENDANTS have not tendered payment of wages owed.

82.   Therefore, as provided by Cal lab. Code § 203, on behalf of himself and the members of the CALIFORNIA CLASS, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA CLASS PERIOD and demand an accounting and payment of all wages due, plus interest, as provided by Cal lab. Code § 218.6 plus attorneys fees and interest as allowed by law.

## FOURTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)

83.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 82 of this Complaint.

84.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

85.    At all times relevant herein, DEFENDANTS violated Labor Code § 226,

1  in that DEFENDANTS failed to properly and accurately itemize the number of hours worked by

2  PLAINTIFF, and the other members of the CALIFORNIA CLASS at the effective regular rates of

3  pay and the effective overtime rates of pay.

4      86.    Both the Wage Order at Section 7 and California Code of Regulations § 11040(7)

5  further require that every employer to do the following:

6      Every employer shall keep accurate information with respect to each employee

7      including the following:

8      (1) Full name, home address, occupation and social security number.

9      (2) Birth date, if under 18 years, and designation as a minor.

10     (3) Time records showing when the employee begins and ends each work period. Meal

11     periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods

12     during which operations cease and authorized rest periods need not be recorded.

13     (4) Total wages paid each payroll period, including value of board, lodging, or other

14     compensation actually furnished to the employee.

15     (5) Total hours worked in the payroll period and applicable rates of pay. This information

16     shall be made readily available to the employee upon reasonable request.

17     (6) When a piece rate or incentive plan is in operation, piece rates or an explanation of the

18     incentive plan formula shall be provided to employees. An accurate production record shall

19     be maintained by the employer.

20     87.    At all times relevant herein, DEFENDANTS violated Section 7 of the Wage Order

21 and California Code of Regulations § 11040(7) in that DEFENDANTS failed to properly and

22 accurately maintain information of the PLAINTIFF and other members of the CALIFORNIA

23 CLASS, consisting of time records showing when the employee begins and ends each work period

24 and the total hours worked in the payroll period with applicable rates of pay.  Further,

25 DEFENDANTS failed to make such information available to employees.

26     88.    DEFENDANTS knowingly and intentionally failed to comply with Labor Code §§

27 226, Section 7 of the Wage Order, and California Code of Regulations § 11040(7), causing

28 economic injury to PLAINTIFF, and the other members of the CALIFORNIA CLASS.  These

1  damages include, but are not limited to, costs expended calculating the true hours worked and the

2  amount of employment taxes which were not properly paid to state and federal tax authorities.

3  These damages are difficult to estimate. Therefore, PLAINTIFF, and the other members of the

4  CLASS are entitled to recover liquidated damages of $50.00 for the initial pay period in which the

5  violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code

6  § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for

7  PLAINTIFF and each respective member of the CALIFORNIA CLASS herein) plus reasonable

8  attorney's fees and costs pursuant to Labor Code § 226(g).

9

10              **FIFTH CAUSE OF ACTION**

11            **For Failure to Provide Meal and/or Rest Periods**

12              **[Cal. Lab. Code §§ 226.7 and 512]**

13        **(By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)**

14        89.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

15  incorporate by reference, as though fully set forth herein, paragraphs 1 through 88 of this Complaint.

16        90.    Cal. Lab. Code § 512 provide, in relevant part: "An employer may not employ an

17  employee for a work period of more than five hours per day without providing the employee with a

18  meal period of not less than 30 minutes, except that if the total work period per day of the employee

19  is no more than six hours, the meal period may be waived by mutual consent of both the employer

20  and employee. An employer may not employ an employee for a work period of more than 10 hours

21  per day without providing the employee with a second meal period of not less than 30 minutes,

22  except that if the total hours worked is no more than 12 hours, the second meal period may be

23  waived by mutual consent of the employer and the employee only if the first meal period was not

24  waived."

25        91.    Section 11 of the Order 4-2001 of the Industrial Wage Commission (the "Wage

26  Order") provides, in relevant part:

27        Meal Periods:

28              (A)    No employer shall employ any person for a work period of more than five (5)

1  by failing to indemnify and reimburse PLAINTIFF, and all the members of the CALIFORNIA

2  CLASS for all expenditures or losses incurred in direct consequence of the discharge of

3  PLAINTIFF'S duties. In particular, DEFENDANTS required PLAINTIFF and the other members

4  of the CALIFORNIA CLASS to utilize a cell-phone and their automobile in order to perform and

5  fully discharge the duties imposed by DEFENDANTS. Subscription to a cell-phone provider and

6  the use of an automobile by PLAINTIFF and the members of the CALIFORNIA CLASS were

7  necessary to meet with realtors, attend meetings and make necessary telephones calls. Although the

8  cell-phone subscription and the use of the automobile were necessary expenditures incurred by

9  PLAINTIFF and the members of the CALIFORNIA CLASS, DEFENDANTS failed to indemnify

10  and reimburse as an employer is required to do under the laws and regulations of California

11         99.     Thus, PLAINTIFF and the members of the CALIFORNIA CLASS were forced to

12  contribute to the expenses of the DEFENDANTS' business, which expenses must be refunded by

13  DEFENDANTS to each member of the CALIFORNIA CLASS.

14         100.    Cal. Lab. Code § 2802(b) and (c) provide for interest at the statutory post judgment

15  rate of 10% simple interest per annum from the date of the expenditure plus attorneys' fees to

16  collect reimbursement.

17         101.    PLAINTIFF, therefore, demands reimbursement for expenditures or losses incurred

18  by him and the members of the CALIFORNIA CLASS in direct consequence of the discharge of

19  their duties, or their obedience to the directions of the DEFENDANTS with interest at the statutory

20  rate and attorneys' fees.

21

22                          **SEVENTH CAUSE OF ACTION**

23                           **For Unlawful Business Practices**

24                    **[Cal. Bus. And Prof. Code § 17200 *et seq.*]**

25          **(By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)**

26         102.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

27  incorporate by this reference, as though fully set forth herein, paragraphs 1 through 101 of this

28  Complaint.

103.    DEFENDANTS are "persons" as that term is defined under California Business & Professions Code § 17021.

104.    California Business & Professions Code § 17200 defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

105.    By the conduct alleged hereinabove in the First through Sixth Claims for Relief, DEFENDANTS have violated the Federal Labor and Standards Act, 29 U.S.C. § 201. DEFENDANTS have also violated provisions of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq., for which this Court should issue equitable and injunctive relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld or labor taken without proper compensation.

106.    By and through the unfair and unlawful business practices described hereinabove, DEFENDANTS have obtained valuable property, money, and services from the PLAINTIFF, and the other members of the CLASS, and has deprived them of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of DEFENDANTS so as to allow DEFENDANTS to unfairly compete.

107.    All the acts described herein as violations of, among other things, the Cal. Lab. Code, California Code of Regulations, and the Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy, are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of Cal. Bus. And Prof. Code § 17200 et seq.

108.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, are further entitled to, and do, seek a declaration that the above described business practices are unfair and unlawful and that an injunctive relief should be issued restraining DEFENDANTS from engaging in any of these unfair and unlawful business practices in the future.

109.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, have no plain, speedy, and/or adequate remedy at law that will end the unfair and unlawful business practices of DEFENDANTS. Further, the practices herein alleged presently continue to occur unabated. As a result of the unfair and unlawful business practices described above, PLAINTIFF, and the other

COMPLAINT

1  members of the CALIFORNIA CLASS, have suffered and will continue to suffer irreparable harm

2  unless DEFENDANTS are restrained from continuing to engage in these unfair and unlawful

3  business practices. In addition, DEFENDANTS should be required to disgorge the unpaid moneys

4  to PLAINTIFF, and the other members of the CALIFORNIA CLASS.

5

6                                    **PRAYER**

7      WHEREFOR, PLAINTIFF prays for judgment against each Defendant, jointly and severally,

8  as follows:

9      A)    Compensatory damages, according to proof at trial due PLAINTIFF and the other

10            members of the COLLECTIVE CLASS and CALIFORNIA CLASS, during the

11            applicable COLLECTIVE CLASS PERIOD and CALIFORNIA CLASS PERIOD

12            plus interest thereon at the statutory rate;

13     B)    Restitution, according to proof at trial, due PLAINTIFF and the other members of the

14            CALIFORNIA CLASS, during the applicable CALIFORNIA CLASS PERIOD plus

15            interest thereon at the statutory rate;

16     C)    One (1) hour of pay for each workday in which a meal period was not provided to

17            PLAINTIFF and each member of the CALIFORNIA CLASS for each four (4) hours

18            of work during the period commencing on the date that is within four years prior to

19            the filing of this Complaint;

20     D)    An order temporarily, preliminarily and permanently enjoining and restraining

21            DEFENDANTS from engaging in similar unlawful conduct as set forth herein;

22     E)    An order requiring DEFENDANTS to provide an accounting of all hours worked, all

23            wages, and all sums unlawfuly withheld from compensation due to PLAINTIFF and

24            the other members of the COLLECTIVE and CALIFORNIA CLASSES;

25     F)    Imposition of a constructive trust upon the assets of the DEFENDANTS to the extent

26            of the sums due to PLAINTIFF and to the other members of the COLLECTIVE and

27            CALIFORNIA CLASSES;

28     G)    An award of interest, including prejudgment interest at the legal rate;

H)  An award of statutory damages, including reasonable attorneys' fees and cost of suit, but only to the extent that such reasonable attorneys' fees and costs are recoverable pursuant to Cal. Lab. Code §1194. Neither this prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would result in a request for attorneys' fees or costs available under Cal. Lab. Code § 218.5;

I)  An award of penalties as available under the law; and.

J)  Such other and further relief as the Court deems just and proper.

Dated:  June 11, 2008

BLUMENTHAL & NORDREHAUG

By:_____
    Norman B. Blumenthal
    Attorneys for Plaintiff

UNITED EMPLOYEES LAW GROUP
Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

36
COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on issues triable to a jury.

Dated: June 11, 2008

BLUMENTHAL & NORDREHAUG

By:
Norman B. Blumenthal
Attorneys for Plaintiff

UNITED EMPLOYEES LAW GROUP
Walter Haines. Esq.
65 Pine Ave. #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

G:\D\NBB\Sones v. Downey\p-complaint-state.wpd

COMPLAINT

EXHIBIT  B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DOWNEY SAVINGS AND LOAN ASSN, F.A.; and Does 1 to 10,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN SONES, an individual, on behalf of himself, and on behalf of all persons similarly situated,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, SAN DIEGO COUNTY
Hall of Justice Branch
330 West Broadway, San Diego, CA 92101

| CASE NUMBER *(Número del Caso)*: |
|---|
| 37-2008-00085515-CU-BT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal (Bar # 68687)
Blumenthal & Nordrehaug
2255 Calle Clara, La Jolla, California 92037

Phone No. (858) 551-1223
Fax No.  (858) 551-1232

DATE:
*(Fecha)* JUN 1 1 2008

Clerk, by _____ **B. Orihuela** _____, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

**EXHIBIT C**

1  **BLUMENTHAL & NORDREHAUG**
   Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5
   **UNITED EMPLOYEES LAW GROUP**
6  Walter Haines (State Bar #71705)
   65 Pine Ave, #312
7  Long Beach, CA 90802
   Telephone: (562) 256-1047
8  Facsimile: (562) 256-1006

F I L E D
CIVIL BUSINESS OFFICE
CENTRAL DIVISION

JUN 2 7 2008

CLERK - SUPERIOR COURT
SAN DIEGO COUNTY. CA

9  <center>SUPERIOR COURT OF THE STATE OF CALIFORNIA</center>

10 <center>IN AND FOR THE COUNTY OF SAN DIEGO</center>

11 JOHN SONES, an individual, on behalf of
   himself, and on behalf of all persons similarly
12 situated,

13

14                    Plaintiffs,

15 v.

16 DOWNEY SAVINGS AND LOAN ASSN,
   F.A.; and Does 1 to 10,
17

18

19                    Defendants.

20

CASE No. 37-2008-00085515-CU-BT-CTL

**FIRST AMENDED** CLASS AND
COLLECTIVE ACTION COMPLAINT
FOR:

1. FAILURE TO PAY COMPENSATION IN
VIOLATION OF 29 U.S.C. § 201, *et seq.*;

2. FAILURE TO PAY WAGES IN
VIOLATION OF CAL. LAB. CODE §§ 510,
515, 551, 552, 1182, 1194, 1197 AND 1198,
*et seq.*;

3. FAILURE TO PROVIDE WAGES WHEN
DUE IN VIOLATION OF CAL. LAB. CODE
§ 203;

4. FAILURE TO PROVIDE ACCURATE
ITEMIZED STATEMENTS IN VIOLATION
OF CAL. LAB. CODE § 226;

5. FAILURE TO PROVIDE MEAL AND
REST PERIODS IN VIOLATION OF CAL.
LAB. CODE § 226.7 AND 512;

6. FAILURE TO INDEMNIFY IN
VIOLATION OF CAL. LAB. CODE § 2802;
and,

7. UNFAIR COMPETITION IN
VIOLATION OF CAL. BUS. & PROF.
CODE § 17200, *et seq.*
DEMAND FOR A JURY TRIAL

<center>1</center>
<center>FIRST AMENDED COMPLAINT</center>

1    Plaintiff John Sones alleges on information and belief, except for his own acts and

2    knowledge, the following:

3                                    **NATURE OF THE ACTION**

4          1.      Plaintiff John Sones ("PLAINTIFF") brings this class action on behalf of

5    himself and a California class consisting of all individuals who are or previously were employed by

6    Defendant Downey Savings and Loan Assn, F.A. and/or Does 1 to 10, (hereinafter collectively

7    referred to as "DEFENDANTS") as loan officers in California during the Class Period as hereinafter

8    defined (the "CLASS").

9          2.      Individuals in this position of loan officer with DEFENDANTS are and were

10   employees entitled to be classified as non-exempt, entitled to be paid at least minimum wage,

11   entitled to regular and overtime compensation, entitled to be provided with meal and rest breaks,

12   entitled to reimbursement for out-of-pocket expenses spent in discharge of services for the

13   employer's benefit, and entitled to prompt payment of all amounts due and unpaid owing upon

14   leaving employment.

15         3.      Although DEFENDANTS require their employees employed as loan officers to work

16   more than eight (8) hours a day, more than forty (40) hours a week, and work hours on the seventh

17   (7th) consecutive day of a work week, as a matter of policy and practice, DEFENDANTS

18   consistently and uniformly failed to properly classify these employees, and through such practice,

19   failed to record and pay such employees for hours worked, denying them the compensation that the

20   law requires.

21         4.      PLAINTIFF, on behalf of himself and the CLASS of loan officers similarly situated,

22   seeks to have all such employees reclassified and recover all the compensation that DEFENDANTS

23   were required by law to provide, but failed to provide, to PLAINTIFF and all other CLASS

24   members, including but not limited to minimum wage for hours worked, regular and overtime

25   compensation for hours worked, compensation for missed meal and rest breaks, reimbursement for

26   out of pocket expenses, compensation for amounts not paid upon leaving employment and such

27   other and further compensation, penalties, and interest as shall be determined.

28

FIRST AMENDED COMPLAINT

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action pursuant to Cal. Civ. Proc. Code § 410.10.  The action is brought pursuant to Cal. Civ. Proc. Code § 382, Cal. Civ. Code § 1781 *et seq.*  PLAINTIFF brings this action on their own behalf, and on behalf of all persons within the Class as hereinafter defined.

6.    Venue is proper in this Court pursuant to Cal. Civ. Proc. Code §§ 395 and 395.5 because the DEFENDANTS have and at all relevant times maintained their offices in San Diego County, California and committed the wrongful conduct against members of the class in San Diego County, California.

## PARTIES

7.    Plaintiff John Sones was employed by DEFENDANTS from on or about November 6, 2007 to February 5, 2008, in the state of California.

8.    DEFENDANTS conducted and continue to conduct substantial and regular business in San Diego County, California, and throughout California.  DEFENDANTS also conduct business throughout the United States and are an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act by regularly and recurrently receiving or transmitting interstate communications.

9.    The Defendants named in this Complaint, and Does 1 through 10, inclusive, are, and at all times mentioned herein were, the agents, servants, and/or employees of each of the other Defendant and each Defendant was acting within the course of scope of his, her or its authority as the agent, servant and/or employee of each of the other Defendant.  Consequently, all the DEFENDANTS are jointly and severally liable to the PLAINTIFF and the other members of the CLASS, for the losses sustained as a proximate result of DEFENDANTS' conduct.

## COLLECTIVE ACTION UNDER THE FLSA

10.    PLAINTIFF brings this lawsuit as a collective action under the Fair Labor and Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), on behalf of all persons who were, are, or will be employed by DEFENDANTS in California as loan officers or in other substantially similar

1  positions, at any time within the applicable statute of limitations period (the "COLLECTIVE

2  CLASS PERIOD"), who have been misclassified as exempt from compensation for all hours

3  worked (the "COLLECTIVE CLASS").  To the extent equitable tolling operates to toll claims by

4  the COLLECTIVE CLASS against the DEFENDANTS, the COLLECTIVE CLASS PERIOD

5  should be adjusted accordingly.  The COLLECTIVE CLASS includes all such persons, whether or

6  not they were paid by commission, by salary, or by part commission and part salary.

7        11.    Questions of law and fact common to the COLLECTIVE CLASS as a whole, but not

8  limited to the following, include:

9       a.    Whether DEFENDANTS misclassified PLAINTIFF and members of the

10          COLLECTIVE CLASS as exempt from receiving compensation for all hours

11          worked, including federal minimum wage compensation and overtime compensation;

12       b.    Whether DEFENDANTS failed to adequately compensate the members

13          of the COLLECTIVE CLASS for all hours worked as required by the FLSA,

14          including the time worked through their meal periods;

15       c.    Whether DEFENDANTS should be enjoined from continuing the practices which

16          violate the FLSA; and,

17       d.    Whether DEFENDANTS are liable to the COLLECTIVE CLASS.

18        12.    The first cause of action for the violations of the FLSA may be brought and

19  maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for

20  all claims asserted by the representative PLAINTIFF of the COLLECTIVE CLASS because the

21  claims of the PLAINTIFF are similar to the claims of the members of the prospective

22  COLLECTIVE CLASS.

23        13.    PLAINTIFF John Sones and the COLLECTIVE CLASS are similarly situated,

24  have substantially similar job requirements and pay provisions, and are subject to DEFENDANTS'

25  common and uniform policy and practice of misclassifying their employees, failing to pay for all

26  actual time worked and wages earned, and failing to accurately record all hours worked by these

27  employees in violation of the FLSA and the Regulations implementing the Act as enacted by the

28  Secretary of Labor (the "REGULATIONS").

## CLASS ACTION ALLEGATIONS

14.     PLAINTIFF John Sones brings this action on behalf of himself in his individual capacity and also on behalf of a California Class of all employees of DEFENDANTS in California who were, are, or will be employed as loan officers or in other substantially similar positions, who were misclassified as exempt from receiving compensation for all hours worked during the period commencing on the date four years prior to the filing of this complaint and ending on the class period cutoff date (the "CALIFORNIA CLASS PERIOD"). This class is hereinafter referred to as the "CALIFORNIA CLASS." The CALIFORNIA CLASS includes all such persons, whether or not they were paid by commission, by salary, or by part commission and part salary.

15.     DEFENDANTS, as a matter of corporate policy, practice and procedure, and in violation of the applicable California Labor Code ("Labor Code") and Industrial Welfare Commission ("IWC") Wage Order Requirements intentionally, knowingly, and systematically misclassified the PLAINTIFF and the other members of the CALIFORNIA CLASS as exempt from receiving compensation for all hours worked and other labor laws in order to avoid the payment of wages due for hours worked by misclassifying their positions as commissioned sales employees. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANTS, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

16.     DEFENDANTS violated the rights of the CALIFORNIA CLASS under California law by:

(a)     Committing an act of unfair competition in violation of the California Labor Code, by failing to pay PLAINTIFF and the members of the CALIFORNIA CLASS all wages and compensation due for all hours worked in a work week.

(b)     Violating California law, including Cal. Labor Code § 204, by failing to pay PLAINTIFF and the members of the CALIFORNIA CLASS pay for all work hours for which DEFENDANTS are liable pursuant to Cal. Lab. Code § 1194.

(c)     Violating Cal. Lab. Code §§ 1194 and 1197. the California Wage Order 4-

2001 (the "Wage Order"), California Code of Regulations § 11040(4), and the applicable California Minimum Wage Orders by failing to pay PLAINTIFF and the members of the CALIFORNIA CLASS at least the applicable minimum wage rate for each year of the CALIFORNIA CLASS PERIOD.

(d)     Violating the Wage Order and California Code of Regulations § 11040 by misclassifying PLAINTIFF and the members of the CALIFORNIA CLASS as exempt commissioned sales persons and failing to provide overtime compensation for all hours worked excess of eight (8) hours in a day, forty (40) in a week, or for hours worked on the seventh (7th) consecutive workday day.

(e)     Violating Cal. Lab. Code § 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the PLAINTIFF and the members of the CALIFORNIA CLASS who have terminated their employment. Thus. DEFENDANTS are liable for such wages for a period of thirty (30) days following the termination of such employment.

(f)     Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA CLASS with an accurate itemized statement in writing showing the total hours worked by the employee.

(g)     Violating the Wage Order and California Code of Regulations § 11040, subsection 7. by failing to maintain accurate records of time and hours worked in the payroll period and failing to make such information available to employees.

(h)     Violating Cal. Lab. Code §§ 1198 and 226.7 and the regulations and orders implementing the Code. by failing to provide PLAINTIFF and the members

6

1      of the CALIFORNIA CLASS with meal periods and are thus liable for

2      premium pay of one hour for each workday such meal periods were denied.

3      (i)    Violating Cal. Lab. Code § 2802 by failing to indemnify and reimburse

4      PLAINTIFF, and all the members of the CALIFORNIA CLASS for all

5      expenses incurred in direct consequence of the discharge of their duties

6    17.   This Class Action meets the statutory prerequisites for the maintenance of a Class

7  Action as set forth in California Code of Civil Procedure § 382, in that:

8      (a)   The persons who comprise the CALIFORNIA CLASS are so numerous that

9      the joinder of all such persons is impracticable and the disposition of their

10     claims as a class will benefit the parties and the Court;

11     (b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues that

12     are raised in this Complaint are common to the CALIFORNIA CLASS and

13     will apply uniformly to every member of the CALIFORNIA CLASS;

14     (c)   The claims of the representative PLAINTIFF are typical of the claims of each

15     member of the CALIFORNIA CLASS.   PLAINTIFF, like all other members

16     of the CALIFORNIA CLASS, was systematically misclassified as exempt

17     from receiving compensation for all hours worked and sustained economic

18     injuries arising from DEFENDANTS' violations of the laws of California.

19     PLAINTIFF and the members of the CALIFORNIA CLASS are similarly or

20     identically harmed by the same unlawful, deceptive, unfair and pervasive

21     pattern of misconduct engaged in by the DEFENDANTS of systematically

22     misclassifying as exempt all loan officers from receiving compensation for all

23     hours worked.

24     (d)   The representative PLAINTIFF will fairly and adequately represent and

25     protect the interest of the CALIFORNIA CLASS, and has retained counsel

26     who are competent and experienced in Class Action litigation.  There are no

27     material conflicts between the claims of the representative PLAINTIFF and

28     the members of the CALIFORNIA CLASS that would make class

1    certification inappropriate. Counsel for the CALIFORNIA CLASS will

2    vigorously assert the claims of all Class Members.

3    18.    In addition to meeting the statutory prerequisites to a Class Action, this action is

4    properly maintained as a Class Action pursuant to Cal. Code of Civil Procedure § 382, in that:

5    (a)    Without class certification and determination of declaratory, injunctive,

6    statutory and other legal questions within the class format, prosecution of

7    separate actions by individual members of the CALIFORNIA CLASS will

8    create the risk of:

9    1)    Inconsistent or varying adjudications with respect to individual

10    members of the CALIFORNIA CLASS which would establish

11    incompatible standards of conduct for the parties opposing the

12    CALIFORNIA CLASS; or,

13    2)    Adjudication with respect to individual members of the

14    CALIFORNIA CLASS which would as a practical matter be

15    dispositive of interests of the other members not party to the

16    adjudication or substantially impair or impede their ability to protect

17    their interests.

18    (b)    The parties opposing the CALIFORNIA CLASS have acted on grounds

19    generally applicable to the CALIFORNIA CLASS, making appropriate class-

20    wide relief with respect to the CALIFORNIA CLASS as a whole in that the

21    DEFENDANTS systematically misclassified all loan officers as exempt from

22    receiving compensation for all hours worked;

23    (c)    Common questions of law and fact exist as to the members of the

24    CALIFORNIA CLASS and predominate over any question affecting only

25    individual members, and a Class Action is superior to other available

26    methods for the fair and efficient adjudication of the controversy, including

27    consideration of:

28    1)    The interests of the members of the CALIFORNIA CLASS in

8

1               individually controlling the prosecution or defense of separate actions;

2       2)     The extent and nature of any litigation concerning the controversy

3               already commenced by or against members of the CALIFORNIA

4               CLASS;

5       3)     The desirability or undesirability of concentrating the litigation of the

6               claims in the particular forum;

7       4)     The difficulties likely to be encountered in the management of a Class

8               Action; and,

9       5)     The basis of DEFENDANTS misclassifying PLAINTIFF and the

10               CALIFORNIA CLASS as exempt from receiving overtime

11               compensation.

12     19.    This Court should permit this action to be maintained as a Class Action pursuant to

13 California Code of Civil Procedure § 382 because:

14      (a)    The questions of law and fact common to the CALIFORNIA CLASS

15             predominate over any question affecting only individual members;

16      (b)    A Class Action is superior to any other available method for the fair and

17             efficient adjudication of the claims of the members of the CALIFORNIA

18             CLASS;

19      (c)    The members of the CALIFORNIA CLASS are so numerous that it is

20             impractical to bring all members of the CALIFORNIA CLASS before the

21             Court;

22      (d)    PLAINTIFF, and the other CALIFORNIA CLASS members, will not be able

23             to obtain effective and economic legal redress unless the action is maintained

24             as a Class Action;

25      (e)    There is a community of interest in obtaining appropriate legal and equitable

26             relief for the common law and statutory violations and other improprieties,

27             and in obtaining adequate compensation for the damages and injuries which

28             DEFENDANTS' actions have inflicted upon the CALIFORNIA CLASS:

(f)     There is a community of interest in ensuring that the combined assets and available insurance of DEFENDANTS are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)     DEFENDANTS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole; and

(h)     The members of the CALIFORNIA CLASS are readily ascertainable from the business records of the DEFENDANTS. The CALIFORNIA CLASS consists of all of DEFENDANTS' employees employed as loan officers in California who were classified as exempt from receiving wages for all hours worked. DEFENDANTS, as a matter of law, has the burden of proving the basis for the exemption as to each and every loan officer so classified. To the extent that DEFENDANTS have failed to maintain records sufficient to establish the basis for the exemption (including but not limited to, the employee's job duties, wages, and hours worked) for any loan officer, DEFENDANTS are estopped, as a matter of law, to assert the existence of the exemption.

## GENERAL ALLEGATIONS

20.     DEFENDANTS, as a matter of corporate policy, practice and procedure, and in violation of the applicable California Labor Code ("Labor Code"), Industrial Welfare Commission ("IWC") Wage Order Requirements, and the applicable provisions of the FLSA, intentionally, knowingly, and wilfully, on the basis of job title alone and without regard to the actual overall requirements of the job or compensation paid, systematically misclassified the PLAINTIFF and the other members of the CALIFORNIA CLASS and the COLLECTIVE CLASS (the "CLASS") as exempt from receiving wages for all hours worked. This practice of DEFENDANTS was intended to purposefully avoid the payment of earned wages by misclassifying the PLAINTIFF and other loan

10

1    officers similarly situated as exempt, commissioned sales people, regardless of whether wages

2    should have been paid and regardless of whether actual "commissions" were in fact paid to the

3    CLASS. To the extent equitable tolling operates to toll claims by the CLASS against

4    DEFENDANTS, the CALIFORNIA CLASS PERIOD and the COLLECTIVE CLASS PERIOD (the

5    "CLASS PERIODS") should be adjusted accordingly.

6         21.    DEFENDANTS have intentionally and deliberately created numerous job levels and

7    a multitude of job titles to create the superficial appearance of hundreds of unique jobs, when in

8    fact, these jobs are substantially similar and can be easily grouped together for the purpose of

9    determining whether they are entitled to wages for hours worked and whether DEFENDANTS were

10   required to maintain accurate time and hour records. Indeed, one of DEFENDANTS' purposes in

11   creating and maintaining this multi-level job classification scheme is to create a roadblock to

12   discovery and class certification for all employees similarly misclassified as exempt.

13   DEFENDANTS have uniformly misclassified these CLASS members as exempt and denied them

14   wages and other benefits to which they are entitled in order to unfairly cheat the competition and

15   unlawfully profit.

16        22.    DEFENDANTS maintain records from which the Court can ascertain and identify

17   each of DEFENDANTS' employees who as CLASS members, have been systematically,

18   intentionally and uniformly misclassified as exempt from receiving wages for all hours worked as a

19   matter of DEFENDANTS' corporate policy, practice and procedure. To the extent DEFENDANTS'

20   have assigned job titles other than "loan officer" to employees subjected to the practices herein

21   alleged, PLAINTIFF will seek leave to amend the complaint to include any additional job titles

22   when they have been identified.

23        23.    DEFENDANTS have intentionally and deliberately created a variety of pay

24   structures to create the superficial appearance of unique payment plans, when in fact, these payment

25   plans were all effectuated and applied across the board to all employees at certain times during the

26   CLASS PERIOD. One of DEFENDANTS' purposes in creating and maintaining different payment

27   schemes throughout the CLASS PERIOD is to create a roadblock to discovery and class

28   certification for all employees similarly misclassified as exempt. PLAINTIFF and the other

11

1  members of the CLASS were all similarly subjected to each payment plan when such plans were put

2  in place by DEFENDANTS.  These employees can be easily grouped together for the purpose of

3  analyzing whether each payment plan deprived the PLAINTIFF and members of the CLASS of

4  wages and rights to which these employees were entitled receive because DEFENDANTS uniformly

5  subjected PLAINTIFF and the CLASS members to each payment plan, for each period that each

6  plan was in effect, thereby denying PLAINTIFF and the members of the CLASS wages and rights to

7  which they are entitled, in order to unfairly cheat the competition and unlawfully profit.

8      24.    DEFENDANTS maintain records from which the Court can ascertain and identify

9  each of DEFENDANTS' pay structures that systematically, intentionally and uniformly deprived

10  PLAINTIFF and the members of the CLASS from receiving wages for all hours worked as a matter

11  of DEFENDANTS' corporate policy, practice and procedure.  PLAINTIFF will seek leave to

12  amend the complaint to detail these pay structures, whether such pay structures were comprised of

13  pay by commission, by salary, or by part commission and part salary.

14

15                    **THE CONDUCT**

16      25.    PLAINTIFF John Sones was hired by DEFENDANTS and placed

17  into the job title of "loan officer," in one of DEFENDANTS' offices in the state of California.  The

18  job title was described to the PLAINTIFF as a full-time position, wherein the performance of certain

19  duties would entitle PLAINTIFF to commissions.  PLAINTIFF functioned as a working member on

20  the production side of the mortgage business for DEFENDANTS.  The job duties of PLAINTIFF

21  and the other members of the CLASS are to deliver loan applications, market DEFENDANTS'

22  loans according to established procedures, prepare loan documentation and applications, write loans

23  according to DEFENDANTS guidelines, process DEFENDANTS' mailers, and make calls from

24  DEFENDANTS' offices.  A mortgage loan is the product that DEFENDANTS deliver to the

25  customers.  The PLAINTIFF and other members of the CLASS prepare loan documentation and

26  applications for submission based on rigidly defined parameters established by DEFENDANTS.

27  Effectively, the members of the CLASS act simply as clerks, delivering loan applications and

28  preparing the loan applications based upon DEFENDANTS' criteria so as to qualify the product as a

                        12

1    loan. In delivering and preparing loan applications, the members of the CLASS are endowed with

2    no authority to change any of DEFENDANTS' product criteria. Like any clerk, the members of the

3    CLASS can only follow the criteria established by the DEFENDANTS in a routine, automatic

4    manner that is devoid of any independent judgment or discretion. In addition, as part of his

5    employment with DEFENDANTS, PLAINTIFF was required to use his cell-phone and automobile

6    to conduct business. DEFENDANTS, however, refused to reimburse PLAINTIFF for the cell-

7    phone expense and automobile expense expended in direct consequence of the discharge of

8    PLAINTIFF'S duties for DEFENDANTS.

9        26.    In performing the conduct herein alleged, the DEFENDANTS uniformly

10    misrepresented to the PLAINTIFF and the other members of the CLASS that they were exempt

11    from overtime and the applicable state and federal labor laws, when in fact, they were not. The

12    DEFENDANTS' wrongful conduct and violations of law as herein alleged demeaned and

13    wrongfully deprived PLAINTIFF and the other members of the CLASS of the career opportunities

14    to which they were lawfully entitled. DEFENDANTS engaged in such wrongful conduct by failing

15    to have adequate employment policies and maintaining adequate employment practices consistent

16    with such policies. DEFENDANTS wrongful conduct as herein alleged converted the money

17    belonging to the PLAINTIFF and the other members of the CLASS.

18        27.    In performing these routine tasks for DEFENDANTS at DEFENDANTS' offices, the

19    members of the CLASS have worked and continue to work for DEFENDANTS without being paid

20    the requisite minimum or overtime wages for all hours worked. As a result of these rigorous

21    demands, PLAINTIFF and other similarly situated employees were also often unable to take

22    uninterrupted meal and/or rest breaks due to the press of DEFENDANTS' business. During the

23    Class Period, PLAINTIFF, and the members of the CLASS worked and/or still work on the

24    production side of the DEFENDANTS' business, but are nevertheless misclassified as exempt.

25        28.    Neither the PLAINTIFF, nor any member of the CLASS, was primarily engaged in

26    work of a type that was or now is directly related to the DEFENDANTS' management policies or

27    general business operations, when giving these words a fair but narrow construction. Neither the

28    PLAINTIFF, nor any member of the CLASS was primarily engaged in work of a type that was or

1   now is performed at the level of the policy or management of the DEFENDANTS.  To the contrary,

2   the work of DEFENDANTS' loan officers is work wherein PLAINTIFF and the members of the

3   CLASS are primarily engaged in the day to day business operations of the DEFENDANTS, to

4   mechanically deliver completed loan applications in accordance with the established criteria of the

5   management policies and general business operations established by DEFENDANTS' management.

6   In this way, the work of PLAINTIFF and the members of the CLASS is focused solely on the

7   mechanical routine of obtaining and submitted the loan documentation pursuant to

8   DEFENDANTS' established criteria.  A loan officer's work in obtaining and preparing loan

9   applications does not permit judgment or discretion that is independent, as this work is performed

10  according to DEFENDANTS' established criteria and procedures.

11       29.   Considerations such as (a) DEFENDANTS' realistic expectations for the job titled

12  loan officer, on the production side of the DEFENDANTS' business enterprise, and (b) the actual

13  overall requirements of the job titled loan officer, are susceptible to common proof.  The fact that

14  their work and those of other similarly situated employees involved, on occasion, a bonus or a draw

15  on commission does not mean that the PLAINTIFF and other members of the CLASS are exempt

16  from receiving minimum or overtime wages for all hours worked.  The work that PLAINTIFF and

17  other members of the CLASS were and are primarily engaged in performing day to day activities is

18  the work that is required to be performed as part of the day to day business of DEFENDANTS of

19  obtaining and preparing loan applications.  As a result, PLAINTIFF and the other members of the

20  CLASS were and still are primarily engaged in work that falls squarely on the production side of the

21  administrative/production worker dichotomy.

22       30.   DEFENDANTS systematically misclassified as exempt PLAINTIFF and all other

23  members of the CALIFORNIA CLASS and COLLECTIVE CLASS solely on the basis of their job

24  title and without regard to DEFENDANTS' realistic expectations, the actual overall requirements of

25  the job, the hours worked or the pay received by the employee.  Consequently, PLAINTIFF and the

26  other members of the CALIFORNIA CLASS and COLLECTIVE CLASS were uniformly and

27  systematically exempted by DEFENDANTS from payment of wages due for hours worked during

28  the CLASS PERIOD.  DEFENDANTS also had a written company policy whereby DEFENDANTS

FIRST AMENDED COMPLAINT

1   would reduce or eliminate an employee's earned compensation at the DEFENDANTS' discretion, in

2   violation of Cal. Labor Code § 221, Cal. Code of Regulations, Title 8, § 11040, and the applicable

3   Wage Order.

4         31.    Cal. Lab. Code § 515 appoints the Industrial Welfare Commission to establish

5   exemptions from the requirement that an overtime rate of compensation be paid pursuant to

6   Sections 510 and 511 for executive, administrative, and professional employees, provided that the

7   employee is primarily engaged in the duties that meet the test of the exemption, customarily and

8   regularly exercises discretion and independent judgment in performing those duties, and earns a

9   monthly salary equivalent to no less than two times the state minimum wage for full-time

10  employment. California Labor Code § 515 and Industrial Welfare Commission Wage Order 4-2001

11  (the "Wage Order") set forth the requirements which must be satisfied in order for an employee to

12  be lawfully classified as exempt from certain provisions of the Wage Order. Although wrongfully

13  classified by DEFENDANTS as exempt from certain requirements of the Wage Order at the time of

14  hire and thereafter, PLAINTIFF, and all other members of the similarly-situated CALIFORNIA

15  CLASS, are not exempt under Industrial Welfare Commission Wage Order 4-2001 (the "Wage

16  Order"), and Cal. Lab. Code § 515.

17        32.    Section 13 of the FLSA and 29 Code of Federal Regulations Part 541, *et seq.*, set

18  forth the requirements which must be satisfied in order for an employee to be lawfully classified as

19  exempt. Although wrongfully classified by DEFENDANTS as exempt at the time of hire and

20  thereafter, PLAINTIFF, and all other members of the similarly-situated COLLECTIVE CLASS, are

21  not exempt under section 13 of the FLSA or the provisions of 29 C.F.R. 541, *et seq.* Further,

22  DEFENDANTS are banks which do not qualify as "retail establishments" pursuant to 29 C.F.R.

23  779.317, and therefore DEFENDANTS' employees do not qualify for the exemption set forth in 29

24  U.S.C. § 207(i). DEFENDANTS' conduct as herein alleged was willful and not in good faith, and

25  DEFENDANTS had no reasonable grounds for believing that the alleged conduct was not a

26  violation of the FLSA.

27        33.    Despite the fact that PLAINTIFF, and the other members of the CLASS, regularly

28  worked in excess of eight (8) hours a day and/or forty (40) hours per week and/or on the seventh

1   (7th) consecutive day of a work week, they did not receive minimum wages for the time worked nor

2   overtime wages for the overtime hours worked, and as a result suffered an economic injury.

3        34.   Pursuant to California Labor Code Section 1197, the payment of wages to

4   employees less than the minimum wage established by the Industrial Welfare Commission is

5   unlawful. DEFENDANTS have failed to pay PLAINTIFF and the other members of the

6   CALIFORNIA CLASS wages at the amount established by the Minimum Wage Order, as set forth

7   in Cal. Code of Regulations § 11000. The only employees to whom the applicability of the

8   minimum wage order would not apply are employees who are exempt under the executive,

9   administrative, or professional exemptions. As described above, the duties of PLAINTIFF and the

10  other members of the CLASS do not qualify these employees for any of these exemptions. The only

11  other employees who may be exempt from the minimum wage requirements are "outside sales

12  persons." Neither PLAINTIFF nor any member of the CALIFORNIA CLASS were outside sales

13  persons as defined by the Wage Order because more than half the working day was not spent away

14  from the employer's place of business selling tangible or intangible items or obtaining orders or

15  contracts for products, services or use of facilities.

16       35.   California Code of Regulations § 11040(3)(A) provides that:

17          The provisions of subsections (A), (B) and (C) [of the Wage Order] above shall not

18          apply to any employee whose earnings exceed one and one-half (1 1/2) times the

19          minimum wage if more than half of that employee's compensation represents

20          commissions.

21  PLAINTIFF and the other members of the CLASS were not paid according to the structure above,

22  and were, therefore, not exempt from the requirement that they be paid overtime. Further,

23  employees who are paid pursuant to the pay structure outlined by Cal. Code of Regs. § 11040(3)

24  would only be exempt from the provisions of subsections (A), (B) and (C), which govern the

25  payment of overtime. Nothing in this limited exemption, however, relieves an employer from the

26  obligations of :

27       (i)    California Code of Regulations § 11040(4), which requires employers to pay at least

28          minimum wage;

(ii)    California Code of Regulations § 11040(7), which requires employers to provide accurate, itemized statements;

(iii)   California Code of Regulations § 11040(11), which requires employers to provide meal periods to employees; or

(iv)   California Code of Regulations § 11040(12), which requires employers to provide rest periods to employees.

36.    Section 6 of the FLSA sets forth the requirement that employees engaged in commerce, such as PLAINTIFF and the other members of the COLLECTIVE CLASS, shall be paid at the applicable federally established rate of minimum wage. DEFENDANTS have violated section 6 of the FLSA by not paying PLAINTIFF and the other members of the COLLECTIVE CLASS at the rates established by section 6 of the FLSA.

37.    Pursuant to 29 U.S.C. § 207, PLAINTIFF and other members of the COLLECTIVE CLASS, were required to be compensated for all meal breaks taken by PLAINTIFF and the other members of the COLLECTIVE CLASS where they performed duties predominantly for the benefit of the DEFENDANTS during the meal breaks. Under 29 CFR 785.19, this time spent during the lunch break is compensable because PLAINTIFF and the other members of the COLLECTIVE CLASS were required to perform duties while eating.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA")

### (By PLAINTIFF and the COLLECTIVE CLASS and Against all DEFENDANTS)

38.    PLAINTIFF, and the other members of the COLLECTIVE CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 37 of this Complaint.

39.    DEFENDANTS are engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

40.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful

1  violations of the FLSA.

2       41.    The Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, states that an employee must

3  be compensated for all hours worked, including all straight time compensation and overtime

4  compensation. 29 C.F.R. §778.223 and 29 C.F.R. §778.315. This Court has concurrent jurisdiction

5  over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. § 216.

6       42.    29 U.S.C. § 206 provides that every employer shall pay to each of his

7  employees who in any workweek is engaged in commerce or in the production of goods for

8  commerce, or is employed in an enterprise engaged in commerce or in the production of goods for

9  commerce, wages at the rate of $5.15 per hour during the period of the COLLECTIVE CLASS

10 PERIOD up to July 24, 2007, except that employees under twenty (20) years of wage must be paid

11 at least $4.25 per hour during their first 90 consecutive calendar days of employment with an

12 employer. For the period from July 24, 2007 to twelve (12) months thereafter, the federal minimum

13 rate for hourly wages was $5.85 per hour. Beginning July 24, 2008, the federal minimum rate for

14 hourly wages will be $6.55 per hour, until July 24, 2009, when the rate will be $7.25.

15      43.    Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not

16 apply to:

17      any employee employed in a bona fide executive, administrative, or professional

18      capacity (including any employee employed in the capacity of academic

19      administrative personnel or teacher in elementary or secondary schools), or in the

20      capacity of outside salesman (as such terms are defined and delimited from time to

21      time by regulations of the Secretary, subject to the provisions of the Administrative

22      Procedure Act [5 USCS §§ 551 *et seq.*] except [that] an employee of a retail or

23      service establishment shall not be excluded from the definition of employee

24      employed in a bona fide executive or administrative capacity because of the number

25      of hours in his workweek which he devotes to activities not directly or closely related

26      to the performance of executive or administrative activities, if less than 40 per

27      centum of his hours worked in the workweek are devoted to such activities).

28     44.    DEFENDANTS have willfully engaged in a widespread pattern and practice of

1  violating the provisions of the FLSA, as detailed above, by uniformly designating certain employees

2  as "exempt" employees, by their job title and without regard to DEFENDANTS' realistic

3  expectations and actual overall requirements of the job, including PLAINTIFF and the other

4  members of the COLLECTIVE CLASS who worked on the production side of the DEFENDANTS'

5  business enterprise. This was done in an illegal attempt to avoid payment of minimum wages,

6  overtime wages and other benefits in violation of the FLSA and Code of Federal Regulations

7  requirements.

8       45.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, PLAINTIFF and

9  the members of the COLLECTIVE CLASS are entitled to compensation for all hours actually

10  worked, including time working during meal periods, compensation based on wages at a rate not

11  less than the federal minimum wage describe above, and compensation at a rate not less than one

12  and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any

13  workweek.

14       46.    29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the

15  exempt status of an employee. The exempt or nonexempt status of any particular employee must be

16  determined on the basis of whether the employee's salary and duties meet the requirements of the

17  regulations in this part.

18       47.    The exemptions of the FLSA as listed in section 13(a), and as explained

19  by 29 C.F.R. 541.3, do not apply to PLAINTIFF and the other members of the COLLECTIVE

20  CLASS, because their work consists of non-management, production line labor performed with

21  skills and knowledge acquired from on-the-job training, rather than from the prolonged course of

22  specialized intellectual instruction required for exempt learned professional employees such as

23  medical doctors, architects and archeologists. PLAINTIFF does not hold a bachelor's degree related

24  to finance, has not taken any prolonged course of specialization relating to finance, and has attained

25  the vast majority of the skills used as an employee of DEFENDANTS from on the job training.

26       48.    For an employee to be exempt as a bona fide "executive," all the

27  following criteria must be met and DEFENDANTS have the burden of proving that:

28       (a)    The employee's primary duty must be management of the enterprise, or of a

1    customarily recognized department or subdivision;

2    (b)    The employee must customarily and regularly direct the work of at least two (2) or

3    more other employees;

4    (c)    The employee must have the authority to hire and fire, or to command particularly

5    serious attention to his or his recommendations on such actions affecting other

6    employees; and,

7    (d)    The employee must be primarily engaged in duties which meet the test of exemption.

8    No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet the

9    requirements of being an "executive" under section 13 of the FLSA and 29 C.F.R. 541.100.

10    49.    For an employee to be exempt as a bona fide "administrator," all of the

11    following criteria must be met and DEFENDANTS have the burden of proving that:

12    (a)    The employee must perform office or non-manual work directly related to

13    management or general business operation of the employer or the employer's

14    customers;

15    (b)    The employee must customarily and regularly exercise discretion and independent

16    judgment with respect to matters of significance; and,

17    (c)    The employee must regularly and directly assist a proprietor or an exempt

18    administrator; or,

19    (d)    The employee must perform under only general supervision, work requiring special

20    training, experience, or knowledge; and,

21    (e)    The employee must be primarily engaged in duties which meet the test of exemption.

22    No member of the COLLECTIVE CLASS was or is an administrator because they all fail to meet

23    the requirements for being an "administrator" under section 13(a) of the FLSA and 29 C.F.R.

24    541.202.  PLAINTIFF and the other members of the COLLECTIVE CLASS perform their primary,

25    day to day duties without the requisite amount of discretion and independent judgment needed to

26    qualify for the administrative exemption.

27    50.    During the COLLECTIVE CLASS PERIOD, the PLAINTIFF, and other

28    members of the COLLECTIVE CLASS, worked more than forty (40) hours in a work week and

20

1  were also required to perform duties that were primarily for the benefit of the employer during meal

2  periods.

3       51.    At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members

4  of the COLLECTIVE CLASS, minimum wages for all hours worked and overtime compensation for

5  the hours they have worked in excess of the maximum hours permissible by law as required by

6  section 7 of the FLSA, even though PLAINTIFF and the other members of the COLLECTIVE

7  CLASS, were regularly required to work, and did in fact work, both regular overtime hours.

8       52.    At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members

9  of the COLLECTIVE CLASS, regular compensation for the hours they have worked, performing

10 duties primarily for the benefit of the employer during meal periods.

11      53.    For purposes of the Fair Labor Standards Act, the employment practices of

12 DEFENDANTS were and are uniform throughout California in all respects material to the claims

13 asserted in this Complaint.

14      54.    Pursuant to 29 CFR 779.317, DEFENDANTS are not "retail establishments," and

15 are therefore not entitled to claim the exemption set forth in 29 U.S.C. § 207(i).   There are no other

16 exemptions applicable to PLAINTIFF and/or to members of the COLLECTIVE CLASS.

17      55.    As a result of DEFENDANTS' failure to pay minimum wages and overtime

18 compensation for hours worked, as required by the FLSA, PLAINTIFF and the members of the

19 COLLECTIVE CLASS were damaged in an amount to be proved at trial.

20      56.    PLAINTIFF, therefore, demands that he and the members of the COLLECTIVE

21 CLASS be paid minimum wages as required by the FLSA for every hour worked in any work week

22 for which they were not compensated,  overtime compensation as required by the FLSA for every

23 hour of overtime worked in any work week for which they were not compensated, liquidated

24 damages, straight wages for every hour worked primarily for the benefit of DEFENDANTS during

25 meal breaks for which they were not compensated, plus interest and attorneys' fees as provided by

26 law.

27

28

## SECOND CAUSE OF ACTION

### For Failure To Pay Earned Wages and Overtime Compensation

### [Cal. Lab. Code §§ 204, 210, 218, 510, 1194, 1197 and 1198]

### (By PLAINTIFF and the CALIFORNIA CLASS and Against all Defendants)

57.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 56 of this Complaint.

58.    Cal. Lab. Code § 204 requires employers to pay employees for all hours worked as follows: "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."  Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek or on a seventh (7th) consecutive workday of a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

59.    Cal. Lab. Code § 551 states that, "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

60.    Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees to work more than six days in seven."

61.    Cal. Lab. Code § 1194 states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

62.    Cal. Lab. Code § 1197 states the requirement that a minimum wage be paid and provides:

The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is

22

1    unlawful.

2    63.    Cal. Lab. Code § 1198 provides:

3    The maximum hours of work and the standard conditions of labor fixed by the

4    commission shall be the maximum hours of work and the standard conditions of

5    labor for employees.  The employment of any employee for longer hours than those

6    fixed by the order or under conditions of labor prohibited by the order is unlawful.

7    64.    DEFENDANTS have intentionally and uniformly designated certain employees as

8    "exempt" from receiving wages for all hours worked and from receiving certain other rights, by

9    their job title and without regard to DEFENDANTS' realistic expectations, the requirements of the

10    job, and the method of payment made by DEFENDANTS, including PLAINTIFF and the other

11    members of the CALIFORNIA CLASS who worked on the production side of the DEFENDANTS'

12    business enterprise.  This was done in an illegal attempt to avoid payment of regular and overtime

13    wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission

14    requirements.

15    65.    Only employees whose primary job duties meet the test of exemption as a(n)

16    "executive," "administrator," "professional," or as an "outside salesperson" may be exempt from

17    the provisions of the Wage Order that require the payment of minimum wage and overtime.  The

18    primary job duties of the PLAINTIFF and the members of the CALIFORNIA CLASS would not

19    qualify these employees to meet either of these exemptions.

20    66.    For an employee to be exempt as a bona fide "executive," all the following criteria

21    must be met and DEFENDANTS have the burden of proving that:

22    (a)    The employee's primary duty must be management of the enterprise, or of a

23    customarily recognized department or subdivision; and,

24    (b)    The employee must customarily and regularly direct the work of at least two (2) or

25    more other employees; and,

26    (c)    The employee must have the authority to hire and fire, or to command particularly

27    serious attention to his or his recommendations on such actions affecting other

28    employees; and,

(d)     The employee must customarily and regularly exercise discretion and independent judgment; and,

(e)     The employee must be primarily engaged in duties which meet the test of exemption. No member of the CALIFORNIA CLASS was or is an executive because they all fail to meet the requirements of being an "executive" within the meaning of Order No. 4-2001.

67.     For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANTS have the burden of proving that:

(a)     The employee must perform office or non-manual work directly related to management policies or general business operation of the employer; and,

(b)     The employee must customarily and regularly exercise discretion and independent judgment; and,

(c)     The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)     The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

(e)     The employee must execute special assignments and tasks under only general supervision; and,

(f)     The employee must be primarily engaged in duties which meet the test of exemption. No member of the CALIFORNIA CLASS was or is an administrator because they all fail to meet the requirements for being an "administrator" under Order No. 4-2001.

68.     The Industrial Welfare Commission, ICW Wage Order 4-2001 also sets forth the requirements which must be complied with to place an employee in the "professional" exempt category. For an employee to be exempt as a bona fide professional, all the following criteria must be met:

(a)     The employee must primarily perform work that is intellectual or creative and that requires the exercise of discretion and independent judgment.

(b)     The employee must be licensed of certified by the state of California and is primarily engaged in the practice of one of the following recognized

1    professions: law, medicine, dentistry, optometry, architecture, engineering,

2    teaching or accounting.

3   No member of the CALIFORNIA CLASS was or is an administrator because they all fail to meet

4   the requirements for being an "professional" under Order No. 4-2001.

5        69.    PLAINTIFF, and other members of the CALIFORNIA CLASS, do not fit the

6   definition of an exempt executive, administrative, or professional employee because:

7            (a) Less than fifty percent (50%) of their work hours are spent on managerial or

8            administrative (exempt) duties;

9            (b) More than fifty percent (50%) of their work hours are spent performing non

10           exempt duties, including but not limited to answering telephones, filling out pre-

11           printed forms and following strict and exacting procedures;

12           (c) They do not have the discretion or independent judgment, in that they must follow

13           exacting and comprehensive company-wide policies and procedures which dictate

14           every aspect of their work day;

15           (d) They do not have the authority to hire and/or fire other personnel; and.

16           (e) PLAINTIFF and the other members of the CALIFORNIA CLASS did not earn a

17           monthly salary equivalent to two (2) times the state minimum wage for full-time

18           employment.

19       70.    PLAINTIFF, and other members of the CALIFORNIA CLASS, are not outside

20   salespersons within the meaning of the Wage Order because they did not and do not customarily and

21   regularly work more than half their working time away from the employer's place of business

22   selling tangible or intangible items or obtaining orders or contracts for products, services or use of

23   facilities.

24       71.    PLAINTIFF, and other members of the CALIFORNIA CLASS, are not qualified

25   for exemption from overtime by virtue of receipt of payment of commissions. under subsection (D)

26   of Section 3 of the Wage Order, because the earnings of PLAINTIFF and the other members of the

27   CLASS did not exceed one and one-half (1 ½) times the minimum wage and/or less than half the

28   employee's compensation represents "commissions."

72.    During the class period, the PLAINTIFF, and other members of the CALIFORNIA CLASS, worked more than eight (8) hours in a workday and/or forty (40) hours in a work week and/or on the seventh (7th) consecutive day of a workweek.

73.    At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members of the CALIFORNIA CLASS, at least minimum wage for all hours they have worked and overtime compensation for the hours they worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, *et seq.* and the Wage Order, even though PLAINTIFF, and the other members of the CALIFORNIA CLASS, were regularly worked regular hours at DEFENDANTS' offices, and did in fact work overtime hours for DEFENDANTS.

74.    By virtue of DEFENDANTS' unlawful failure to pay additional compensation to the PLAINTIFF, and the other members of the CALIFORNIA CLASS, for their regular and overtime hours, the PLAINTIFF, and the other members of the CALIFORNIA CLASS, have suffered, and will continue to suffer, an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

75.    DEFENDANTS knew or should have known that PLAINTIFF, and the other members of the CALIFORNIA CLASS, were misclassified as exempt from wages and DEFENDANTS systematically elected, either through intentional malfeasance or gross nonfeasance, not to pay them for their labor as a matter of uniform corporate policy, practice and procedure. There is no basis for DEFENDANTS' failure to pay minimum wages to loan officers.

76.    Therefore, PLAINTIFF, and the other members of the CALIFORNIA CLASS, request recovery of regular and overtime compensation according to proof, interest, attorney's fees and cost pursuant to Cal. Lab. Code § 218.5 and § 1194(a), as well as the assessment of any statutory penalties against DEFENDANTS, in a sum as provided by the Cal. Lab. Code and/or other statutes. Further, PLAINTIFF, and the other members of the CALIFORNIA CLASS, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5 and 1194.

77.    In performing the acts and practices herein alleged in violation of labor laws and refusing to provide the requisite regular and overtime compensation, the DEFENDANTS acted and continue to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and toward the

1    other members of the CALIFORNIA CLASS, with a conscious and utter disregard of their legal

2    rights, or the consequences to them, and with the despicable intent of depriving them of their

3    property and legal rights and otherwise causing them injury in order to increase corporate profits at

4    the expense of PLAINTIFF and the members of the Class.

5

6                              **THIRD CAUSE OF ACTION**

7                            **For Failure to Pay Wages When Due**

8                                  **[ Cal. Lab. Code § 203]**

9          **(By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

10        78.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

11   incorporate by reference, as though fully set forth herein, paragraphs 1 through 77 of this Complaint.

12        79.    Cal. Lab. Code § 200 provides that:

13               As used in this article:

14               (a) "Wages" includes all amounts for labor performed by employees of every

15               description, whether the amount is fixed or ascertained by the standard of time, task,

16               piece, commission basis, or other method of calculation.

17               (b) "Labor" includes labor, work, or service whether rendered or performed under

18               contract, subcontract, partnership, station plan, or other agreement if the labor to be

19               paid for is performed personally by the person demanding payment.

20        80.    Cal. Lab. Code § 202 provides, in relevant part, that:

21               If an employee not having a written contract for a definite period quits his or her

22               employment, his or her wages shall become due and payable not later than 72 hours

23               thereafter, unless the employee has given 72 hours previous notice of his or her

24               intention to quit, in which case the employee is entitled to his or her wages at the

25               time of quitting. Notwithstanding any other provision of law, an employee who quits

26               without providing a 72-hour notice shall be entitled to receive payment by mail if he

27               or she so requests and designates a mailing address. The date of the mailing shall

28               constitute the date of payment for purposes of the requirement to provide payment

                                              27

1    within 72 hours of the notice of quitting.

2    81.    Cal. Lab. Code § 203 provides:

3    If an employer willfully fails to pay, without abatement or reduction, in accordance

4    with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is

5    discharged or who quits, the wages of the employee shall continue as a penalty from

6    the due date thereof at the same rate until paid or until an action therefor is

7    commenced; but the wages shall not continue for more than 30 days.

8    82.    Many of the CALIFORNIA CLASS members, including the PLAINTIFF, have

9    terminated their employment and DEFENDANTS have not tendered payment of wages owed.

10    83.    Therefore, as provided by Cal lab. Code § 203, on behalf of himself and the members

11    of the CALIFORNIA CLASS, PLAINTIFF demands thirty days of pay as penalty for not paying all

12    wages due at time of termination for all employees who terminated employment during the

13    CALIFORNIA CLASS PERIOD and demand an accounting and payment of all wages due, plus

14    interest, as provided by Cal lab. Code § 218.6 plus attorneys fees and interest as allowed by law.

15

16    **FOURTH CAUSE OF ACTION**

17    **For Failure to Provide Accurate Itemized Statements**

18    **[Cal. Lab. Code § 226]**

19    **(By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)**

20    84.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

21    incorporate by this reference, as though fully set forth herein, paragraphs 1 through 83 of this

22    Complaint.

23    85.    Cal. Labor Code § 226 provides that an employer must furnish employees with an

24    "accurate itemized statement in writing showing:

25    (1) gross wages earned,

26    (2) total hours worked by the employee, except for any employee whose compensation is

27    solely based on a salary and who is exempt from payment of overtime under subdivision (a)

28    of Section 515 or any applicable order of the Industrial Welfare Commission.

28

1    (3) the number of piecerate units earned and any applicable piece rate if the employee is paid

2    on a piece-rate basis,

3    (4) all deductions, provided that all deductions made on written orders of the employee may

4    be aggregated and shown as one item,

5    (5) net wages earned,

6    (6) the inclusive dates of the period for which the employee is paid,

7    (7) the name of the employee and his or her social security number, except that by January 1,

8    2008, only the last four digits of his or her social security number or an employee

9    identification number other than a social security number may be shown on the itemized

10    statement,

11    (8) the name and address of the legal entity that is the employer, and

12    (9) all applicable hourly rates in effect during the pay period and the corresponding number

13    of hours worked at each hourly rate by the employee."

14    86.    At all times relevant herein, DEFENDANTS violated Labor Code § 226,

15    in that DEFENDANTS failed to properly and accurately itemize the number of hours worked by

16    PLAINTIFF, and the other members of the CALIFORNIA CLASS at the effective regular rates of

17    pay and the effective overtime rates of pay.

18    87.    Both the Wage Order at Section 7 and California Code of Regulations § 11040(7)

19    further require that every employer to do the following:

20    Every employer shall keep accurate information with respect to each employee

21    including the following:

22    (1) Full name, home address, occupation and social security number.

23    (2) Birth date, if under 18 years, and designation as a minor.

24    (3) Time records showing when the employee begins and ends each work period. Meal

25    periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods

26    during which operations cease and authorized rest periods need not be recorded.

27    (4) Total wages paid each payroll period, including value of board, lodging, or other

28    compensation actually furnished to the employee.

<div align="center">29</div>

<div align="center">FIRST AMENDED COMPLAINT</div>

(5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request.

(6) When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.

88.     At all times relevant herein, DEFENDANTS violated Section 7 of the Wage Order and California Code of Regulations § 11040(7) in that DEFENDANTS failed to properly and accurately maintain information of the PLAINTIFF and other members of the CALIFORNIA CLASS, consisting of time records showing when the employee begins and ends each work period and the total hours worked in the payroll period with applicable rates of pay.  Further, DEFENDANTS failed to make such information available to employees.

89.     DEFENDANTS knowingly and intentionally failed to comply with Labor Code §§ 226, Section 7 of the Wage Order, and California Code of Regulations § 11040(7), causing economic injury to PLAINTIFF, and the other members of the CALIFORNIA CLASS.  These damages include, but are not limited to, costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate.  Therefore, PLAINTIFF, and the other members of the CLASS are entitled to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the CALIFORNIA CLASS herein) plus reasonable attorney's fees and costs pursuant to Labor Code § 226(g).

## FIFTH CAUSE OF ACTION

### For Failure to Provide Meal and/or Rest Periods

### [Cal. Lab. Code §§ 226.7 and 512]

### (By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)

90.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

1   incorporate by reference, as though fully set forth herein, paragraphs 1 through 89 of this Complaint.

2       91.    Cal. Lab. Code § 512 provide, in relevant part: "An employer may not employ an

3   employee for a work period of more than five hours per day without providing the employee with a

4   meal period of not less than 30 minutes, except that if the total work period per day of the employee

5   is no more than six hours, the meal period may be waived by mutual consent of both the employer

6   and employee. An employer may not employ an employee for a work period of more than 10 hours

7   per day without providing the employee with a second meal period of not less than 30 minutes,

8   except that if the total hours worked is no more than 12 hours, the second meal period may be

9   waived by mutual consent of the employer and the employee only if the first meal period was not

10  waived."

11      92.    Section 11 of the Order 4-2001 of the Industrial Wage Commission (the "Wage

12  Order") provides, in relevant part:

13      Meal Periods:

14          (A)    No employer shall employ any person for a work period of more than five (5)

15                 hours without a meal period of not less than 30 minutes, except that when a

16                 work period of not more than six (6) hours will complete the day's work the

17                 meal period may be waived by mutual consent of the employer and the

18                 employee. Unless the employee is relieved of all duty during a 30 minute

19                 meal period, the meal period shall be considered an "on duty" meal period

20                 and counted as time worked. An "on duty" meal period shall be permitted

21                 only when the nature of the work prevents an employee from being relieved

22                 of all duty and when by written agreement between the parties an on-the-job

23                 paid meal period is agreed to. The written agreement shall state that the

24                 employee may, in writing, revoke the agreement at any time.

25          (B)    If an employer fails to provide an employee a meal period in accordance with

26                 the applicable provisions of this order, the employer shall pay the employee

27                 one (1) hour of pay at the employee's regular rate of compensation for each

28                 workday that the meal period is not provided.

31

FIRST AMENDED COMPLAINT

93.    Section 12 of the Order 4-2001 of the Industrial Wage Commission (the "Wage Order") provides, in relevant part:

Rest Periods:

    (A)    Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

94.    Cal. Lab. Code § 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

95.    DEFENDANTS have intentionally and improperly failed to provide all rest and/or meal periods without any work or duties to PLAINTIFF and the other members of the CALIFORNIA CLASS who worked more than three and one half hours (3 ½) per day, and by failing to do so DEFENDANTS violated the provisions of Labor Code 226.7.

96.    Therefore, PLAINTIFF demands on behalf of himself and the members of the CALIFORNIA CLASS, one (1) hour of pay for each workday in which a rest period was not provided for each four (4) hours of work during the period commencing on the date that is within four years prior to the filing of this Complaint and one (1) hour of pay for each five (5) hours of work in which a meal period was not provided.

### SIXTH CAUSE OF ACTION

### For Failure to Indemnify

### [Cal. Lab. Code § 2802]

### (By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)

97.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 96 of this Complaint.

98.     Cal. Lab. Code § 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

99.     At all relevant times herein, DEFENDANTS have violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF, and all the members of the CALIFORNIA CLASS for all expenditures or losses incurred in direct consequence of the discharge of PLAINTIFF'S duties. In particular, DEFENDANTS required PLAINTIFF and the other members of the CALIFORNIA CLASS to utilize a cell-phone and their automobile in order to perform and fully discharge the duties imposed by DEFENDANTS. Subscription to a cell-phone provider and the use of an automobile by PLAINTIFF and the members of the CALIFORNIA CLASS were necessary to meet with realtors, attend meetings and make necessary telephones calls. Although the cell-phone subscription and the use of the automobile were necessary expenditures incurred by PLAINTIFF and the members of the CALIFORNIA CLASS, DEFENDANTS failed to indemnify and reimburse as an employer is required to do under the laws and regulations of California

100.     Thus, PLAINTIFF and the members of the CALIFORNIA CLASS were forced to contribute to the expenses of the DEFENDANTS' business, which expenses must be refunded by DEFENDANTS to each member of the CALIFORNIA CLASS.

101.     Cal. Lab. Code § 2802(b) and (c) provide for interest at the statutory post judgment

1   rate of 10% simple interest per annum from the date of the expenditure plus attorneys' fees to

2   collect reimbursement.

3         102.   PLAINTIFF, therefore, demands reimbursement for expenditures or losses incurred

4   by him and the members of the CALIFORNIA CLASS in direct consequence of the discharge of

5   their duties, or their obedience to the directions of the DEFENDANTS with interest at the statutory

6   rate and attorneys' fees.

7

8                     **SEVENTH CAUSE OF ACTION**

9                   **For Unlawful Business Practices**

10           **[Cal. Bus. And Prof. Code § 17200 *et seq.*]**

11   **(By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)**

12         103.   PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

13   incorporate by this reference, as though fully set forth herein, paragraphs 1 through 102 of this

14   Complaint.

15         104.   DEFENDANTS are "persons" as that term is defined under California Business &

16   Professions Code § 17021.

17         105.   California Business & Professions Code § 17200 defines unfair competition as any

18   unlawful, unfair, or fraudulent business act or practice.

19         106.   By the conduct alleged hereinabove in the First through Sixth Claims for Relief,

20   DEFENDANTS have violated the provisions of the Wage Orders, the Fair Labor Standards Act, 29

21   USC §201, the REGULATIONS, the California Labor Code, the Code of Federal Regulations and

22   the California Code of Regulations, *et seq.*, for which this Court should issue equitable and

23   injunctive relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages

24   wrongfully withheld or labor taken without proper compensation.

25         107.   By and through the unfair and unlawful business practices described hereinabove,

26   DEFENDANTS have obtained valuable property, money, and services from the PLAINTIFF, and

27   the other members of the CLASS, and has deprived them of valuable rights and benefits guaranteed

28   by law, all to their detriment and to the benefit of DEFENDANTS so as to allow DEFENDANTS to

1  unfairly compete.

2      108.    All the acts described herein as violations of, among other things, the Cal. Lab. Code,

3  California Code of Regulations, and the Industrial Welfare Commission Wage Orders, are unlawful

4  and in violation of public policy, are immoral, unethical, oppressive, and unscrupulous, and thereby

5  constitute unfair and unlawful business practices in violation of Cal. Bus. And Prof. Code § 17200

6  *et seq.*

7      109.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, are further

8  entitled to, and do, seek a declaration that the above described business practices are unfair and

9  unlawful and that an injunctive relief should be issued restraining DEFENDANTS from engaging in

10  any of these unfair and unlawful business practices in the future.

11      110.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, have no plain,

12  speedy, and/or adequate remedy at law that will end the unfair and unlawful business practices of

13  DEFENDANTS.  Further, the practices herein alleged presently continue to occur unabated.  As a

14  result of the unfair and unlawful business practices described above, PLAINTIFF, and the other

15  members of the CALIFORNIA CLASS, have suffered and will continue to suffer irreparable harm

16  unless DEFENDANTS are restrained from continuing to engage in these unfair and unlawful

17  business practices.  In addition, DEFENDANTS should be required to disgorge the unpaid moneys

18  to PLAINTIFF, and the other members of the CALIFORNIA CLASS.

19

20                                **PRAYER**

21      WHEREFOR, PLAINTIFF prays for judgment against each Defendant, jointly and severally,

22  as follows:

23      A)      Compensatory damages, according to proof at trial due PLAINTIFF and the other

24              members of the COLLECTIVE CLASS and CALIFORNIA CLASS, during the

25              applicable COLLECTIVE CLASS PERIOD and CALIFORNIA CLASS PERIOD

26              plus interest thereon at the statutory rate;

27      B)      Restitution, according to proof at trial, due PLAINTIFF and the other members of the

28              CALIFORNIA CLASS, during the applicable CALIFORNIA CLASS PERIOD plus

1     interest thereon at the statutory rate;

2    C)    One (1) hour of pay for each workday in which a meal period was not provided to

3     PLAINTIFF and each member of the CALIFORNIA CLASS for each four (4) hours

4     of work during the period commencing on the date that is within four years prior to

5     the filing of this Complaint;

6    D)    An order temporarily, preliminarily and permanently enjoining and restraining

7     DEFENDANTS from engaging in similar unlawful conduct as set forth herein;

8    E)    An order requiring DEFENDANTS to provide an accounting of all hours worked, all

9     wages, and all sums unlawfuly withheld from compensation due to PLAINTIFF and

10     the other members of the COLLECTIVE and CALIFORNIA CLASSES;

11    F)    Imposition of a constructive trust upon the assets of the DEFENDANTS to the extent

12     of the sums due to PLAINTIFF and to the other members of the COLLECTIVE and

13     CALIFORNIA CLASSES;

14    G)    An award of interest, including prejudgment interest at the legal rate;

15    H)    An award of liquidated damages, statutory damages, including reasonable attorneys'

16     fees and cost of suit, but only to the extent that such reasonable attorneys' fees and

17     costs are recoverable pursuant to Cal. Lab. Code §1194 or the FLSA at 29 U.S.C.

18     §216. Neither this prayer nor any other allegation or prayer in this Complaint is to be

19     construed as a request, under any circumstance, that would result in a request for

20     attorneys' fees or costs available under Cal. Lab. Code § 218.5;

21    I)    For liquidated damages pursuant to 29 U.S.C. § 216(b);

22    J)    An award of penalties as available under the law; and,

23    K)    Such other and further relief as the Court deems just and proper.

24

25   Dated:  June 2], 2008        BLUMENTHAL & NORDREHAUG

26

27               By:

28                  Norman B. Blumenthal
                        Attorneys for Plaintiff

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED EMPLOYEES LAW GROUP
Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

FIRST AMENDED COMPLAINT

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Kyle R. Nordrehaug    (Bar # 205975)<br>**Blumenthal & Nordrehaug**<br>**2255 Calle Clara**<br>**La Jolla, CA 92037**<br>TELEPHONE NO.: (858) 551-1223    FAX NO. *(Optional):* (858) 551-1232<br>E-MAIL ADDRESS *(Optional):* kyle@bamlawlj.com<br>ATTORNEY FOR *(Name):* John Sones, Plaintiff | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Hall of Justice

PLAINTIFF/PETITIONER: John Sones, et al.

DEFENDANT/RESPONDENT: Downey Savings and Loan Assn., F.A., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2008-00085515-CU-BT-CTL |
|---|---|

TO *(insert name of party being served):* Downey Savings and Loan Assn., F.A.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 16, 2008

_____
Kyle Nordrehaug
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other *(specify):*
   First Amended Complaint, Notice of Case Assignment, and Civil Case Cover Sheet

*(To be completed by recipient):*

Date this form is signed: July 24, 2008
S. SEAN SHAHABI, HODEL BRIGGS WINTER
for Downey Saving and Loan Ass'n, SA.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

EXHIBIT E

1  GLENN L. BRIGGS (SB# 174497)
   S. SEAN SHAHABI (SB# 204710)
2  THOREY M. BAUER (SB# 234813)
   HODEL BRIGGS WINTER LLP
3  8105 Irvine Center Drive, Suite 1400
   Irvine, CA 92618
4  Telephone: (949) 450-8040
   Facsimile: (949) 450-8033
5
   Attorneys for Defendant
6  DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.
7
8           SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                      COUNTY OF SAN DIEGO
10
11  JOHN SONES, an individual, on behalf        CASE NO. 37-2008-00085515-CU-BT-
    of himself, and on behalf of all persons    CTL
12  similarly situated,
13              Plaintiff,
14       vs.                                     DEFENDANT DOWNEY SAVINGS
                                                 AND LOAN ASSOCIATION, F.A.'S
15  DOWNEY SAVINGS AND LOAN                      ANSWER TO UNVERIFIED FIRST
    ASSN, F.A.; and Does 1 to 10,               AMENDED CLASS AND
16                                               COLLECTIVE ACTION COMPLAINT
              Defendants.
17
18
19
20
21
22
23
24
25
26
27
28

32033_1                         - 1 -

1    Defendant Downey Savings and Loan Association, F.A. ("Defendant"), for

2    itself and no others, hereby submits its Answer to the unverified First Amended Class and

3    Collective Action Complaint ("FAC") of plaintiff John Sones ("Plaintiff") as follows:

4

5                                   **GENERAL DENIAL**

6    Pursuant to California Civil Procedure Code Section 431.30(d), Defendant

7    generally and specifically denies each and every allegation in the FAC. Defendant further

8    generally and specifically denies that Plaintiff is entitled to the relief requested, or that

9    Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or

10   omission on the part of Defendant.

11

12                                **AFFIRMATIVE DEFENSES**

13

14                            FIRST AFFIRMATIVE DEFENSE

15    1.    The FAC, and each purported cause of action contained therein, fails

16   to state facts sufficient to constitute any claim upon which relief may be granted against

17   Defendant.

18

19                           SECOND AFFIRMATIVE DEFENSE

20    2.    Plaintiff has failed to mitigate his damages, if any, and therefore any

21   damages awarded to him must be reduced or eliminated to the extent to which such

22   damages could have been avoided by a reasonable effort to mitigate the same.

23

24                            THIRD AFFIRMATIVE DEFENSE

25    3.    By virtue of Plaintiff's action or inaction, he is estopped from

26   asserting any and all rights he may have under the facts alleged in the FAC and each and

27   every purported claim contained therein.

28

1    ## FOURTH AFFIRMATIVE DEFENSE

2           4.    By his conduct, Plaintiff has waived some or all of the causes of

3    action asserted in the FAC.

4

5    ## FIFTH AFFIRMATIVE DEFENSE

6           5.    The FAC, and each purported cause of action contained therein, is

7    barred in whole or in part by the doctrine of unclean hands.

8

9    ## SIXTH AFFIRMATIVE DEFENSE

10           6.    Plaintiff's claims for equitable relief are barred because there exists

11    an adequate and complete remedy at law.

12

13    ## SEVENTH AFFIRMATIVE DEFENSE

14           7.    The FAC, and each purported cause of action contained therein, is

15    barred in whole or in part because Plaintiff inexcusably and unreasonably delayed the

16    commencement of this action.

17

18    ## EIGHTH AFFIRMATIVE DEFENSE

19           8.    The FAC, and each purported cause of action contained therein, is

20    barred in whole or in part by all applicable statutes of limitations, including but not

21    limited to 29 U.S.C. Section 255, California Civil Procedure Code Sections 338, 340, and

22    343, and California Business and Professions Code Section 17208.

23

24    ## NINTH AFFIRMATIVE DEFENSE

25           9.    Liability and/or damages, if any, to each member of the group

26    Plaintiff purports to represent may not be determined by a single jury or on a group-wide

27    bases, and therefore permitting this action to proceed as a collective action would violate

28    Defendant's rights under the Seventh and Fourteenth Amendments to the United States

DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.'S ANSWER TO UNVERIFIED COMPLAINT

1    Constitution.

2

3                        TENTH AFFIRMATIVE DEFENSE

4              10.    The FAC, and each purported cause of action contained therein, is

5    barred to the extent Plaintiff and those similarly situated, if any, consented to any alleged

6    activity or conduct.

7

8                      ELEVENTH AFFIRMATIVE DEFENSE

9              11.    The FAC, and each purported cause of action contained therein, is

10   barred in whole or in part because Plaintiff, and those similarly situated, if any, were

11   exempt from the relevant provisions of the Fair Labor Standards Act, 29 U.S.C. Section

12   201, et seq.

13

14                      TWELFTH AFFIRMATIVE DEFENSE

15             12.    Plaintiff and those similarly situated, if any, were at all times exempt

16   employees under the applicable Industrial Welfare Commission Wage Order(s) and, thus,

17   not entitled to overtime compensation under California Labor Code Section 1194 and/or

18   not subject to the meal and/or rest provisions of California Labor Code Sections 226.7 and

19   512 and/or the Industrial Welfare Commission Wage Order(s).

20

21                    THIRTEENTH AFFIRMATIVE DEFENSE

22             13.    Plaintiff and those similarly situated, if any, are not entitled to

23   penalties of compensation under the applicable Labor Code Sections and/or Industrial

24   Welfare Commission Wage Order(s) because they were at all times authorized and

25   permitted to take rest breaks but chose to forego or waive them.

26

27

28

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    The FAC, and each and every purported claim contained therein, is barred in whole or in part because Defendant acted in good faith and with reasonable grounds to believe that its actions were not in violation of law, such that no liquidated damages may be awarded to Plaintiff, or those similarly situated, if any, pursuant to 29 U.S.C. Section 260.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    To the extent Plaintiff and those similarly situated, if any, are deemed to be "non-exempt" employees, which they are not, Defendant's determination that they were "exempt" employees was nevertheless reasonable and made in good faith.  Thus, Plaintiff and those similarly situated, if any, are not entitled to penalties under California Labor Code Section 203 because Defendant's decisions were based on a good faith belief that Plaintiff and those similarly situated, if any, were exempt from the overtime, meal period and/or rest period requirements under California law.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiff claims for penalties pursuant to Labor Code Section 203 are barred, in whole or in part, because Defendant had a reasonable, honest and good faith belief that all of the wages earned by Plaintiff had been paid to Plaintiff in a timely and lawful manner at the time they were owed.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiff and those similarly situated, if any, are barred from recovering penalties pursuant to California Labor Code Section 203 because: (a) they have failed to plead fact sufficient to support allegations of willfulness; and (b) neither Defendant nor any agent or employee of Defendant acted willfully in failing to pay wages due, if any, to employees who terminated their employment with Defendant.

1

<u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

2          18.    The FAC, and each purported cause of action contained therein, is

3    barred, in whole or in part, because Plaintiff and those similarly situated, if any, were not

4    meeting the realistic expectations of Defendant and thus misperforming the job.

5

6

<u>NINETEENTH AFFIRMATIVE DEFENSE</u>

7          19.    The FAC, and each purported cause of action contained therein, is

8    barred in whole or in part because Defendant's compensation and time keeping practices

9    were adopted in good faith and in conformity with and in reliance upon written

10    administration regulations, orders, rulings, approvals, or interpretations of the United

11    States Department of Labor and therefore may not give rise to liability for back pay

12    pursuant to 29 U.S.C. Section 259.

13

14

<u>TWENTIETH AFFIRMATIVE DEFENSE</u>

15          20.    Although Defendant denies that it has committed or has

16    responsibility for any act that could support the recovery of civil penalties in this lawsuit,

17    if and to the extent any such act or responsibility is found, recovery of civil penalties

18    against Defendant is unconstitutional under numerous provisions of the United States

19    Constitution and the California Constitution, including the excessive fines clause of the

20    Eighth Amendment, the due process clauses of the Fifth and Fourteenth Amendments, the

21    self-incrimination clause of the Fifth Amendment, and other provisions of the United

22    States Constitution; and the excessive fines clause of Section 17 of Article I, the due

23    process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of

24    Article I, and other provisions of the California Constitution.

25

26

<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

27          21.    Plaintiff claims are barred, in whole or in part, by the *de minimis*

28    doctrine.

DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.'S ANSWER TO UNVERIFIED COMPLAINT

1

<div align="center">TWENTY-SECOND AFFIRMATIVE DEFENSE</div>

2          22.    If Plaintiff is entitled to recover against Defendant for any damages

3  alleged in the FAC, such recovery against Defendant must be offset to the extent any

4  amounts are owed by Plaintiff to Defendant.

5

6

<div align="center">TWENTY-THIRD AFFIRMATIVE DEFENSE</div>

7          23.    Any finding of liability under California Business and Professions

8  Code Sections 17200, 17203 and 17204 would violate the Due Process Clauses of the

9  Fourteenth Amendment to the United States Constitution and of Article I, Section 17 of

10  the California Constitution, because the standards of liability under these statutes are

11  unduly vague and subjective, and permit retroactive, random, arbitrary and capricious

12  punishment that serves no legitimate governmental interest.

13

14

<div align="center">TWENTY-FOURTH AFFIRMATIVE DEFENSE</div>

15         24.    Any award of restitution under California Business and Professions

16  Code Section 17203 would constitute a taking of property without just compensation in

17  violation of the Takings Clause of the Fifth Amendment (as incorporated by the Due

18  Process Clause of the Fourteenth Amendment) to the United States Constitution and of

19  Article I, Section 19 of the California Constitution.

20

21

<div align="center">TWENTY-FIFTH AFFIRMATIVE DEFENSE</div>

22         25.    Plaintiff purported cause of action for violations of California

23  Business and Professions Code Sections 17200, et seq., is barred because Plaintiff, as

24  private litigants, lack standing to bring a claim for damages under California Business and

25  Professions Code Section 17203.

26

27

28

<center>TWENTY-SIXTH AFFIRMATIVE DEFENSE</center>

26.    The Court has no jurisdiction over the subject matter of the FAC, or parts thereof, because Plaintiff has failed to exhaust his administrative remedies, including but not limited to the requirements set out in California Labor Code Section 2699.3.

<center>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</center>

27.    To the extent alleged members of the putative class or collective action have signed a release encompassing claims alleged in the FAC, their claims are barred by that release.

<center>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</center>

28.    The FAC, and each purported cause of action contained therein, is barred because Plaintiff and those similarly situated, if any, have not been injured at all as a result of Defendant's alleged conduct.

<center>TWENTY-NINTH AFFIRMATIVE DEFENSE</center>

29.    Certain separate and additional defenses to the entire FAC or to individual causes of action may be available to Defendant; however, these separate and additional defenses require discovery before they can be properly alleged.  Defendant will move to amend its answer, if necessary, to allege such separate and additional defenses after they are ascertained by Defendant or according to proof at trial.

<center>**PRAYER**</center>

WHEREFORE, Defendant prays as follows:

1.    That Plaintiff take nothing by reason of his FAC and Judgment be entered in favor of Defendant;

DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.'S ANSWER TO UNVERIFIED COMPLAINT

1    2.  That Defendant be awarded its costs of suit incurred herein;

2

3    3.  That Defendant be awarded its attorneys' fees incurred herein; and

4

5    4.  For such other and further relief as the Court deems just and proper.

6

7

8

9  DATED:  August **4**, 2008   HODEL BRIGGS WINTER LLP
                 GLENN L. BRIGGS

10                S. SEAN SHAHABI
                 THOREY M. BAUER

11

12           By: _____

13              THOREY M. BAUER

14           Attorneys for Defendant
           DOWNEY SAVINGS AND LOAN ASSOCIATION,

15           F.A.

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA           )
                                 ) ss:
COUNTY OF ORANGE         )

      I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is Hodel Briggs Winter LLP, 8105 Irvine Center Drive, Suite 1400, Irvine, CA 92618.

      On **August 4, 2008**, I served the foregoing document(s) described as: **DEFENDANT DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.'S ANSWER TO UNVERIFIED FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT** on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Norman B. Blumenthal                 Walter Haines
Kyle R. Nordrehaug                  United Employees Law Group
Aparajit Bhowmik                    65 Pine Avenue, #312
2255 Calle Clara                      Long Beach, CA 90802
La Jolla, CA 92037                 Telephone: (562) 256-1047
Telephone: (858) 551-1223        Facsimile: (562) 256-1006
Facsimile: (858) 551-1232

☒    **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Hodel Briggs Winter LLP for collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY FACSIMILE:** I caused said document(s) to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated. Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s). I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error. A copy of said electronic confirmation is maintained in this office.

☐    **BY OVERNIGHT DELIVERY:** I am readily familiar with the practice of Hodel Briggs Winter LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by _____ for overnight delivery.

☒    **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **August 4, 2008** at Irvine, California.

_____
Heather Dorris



1  GLENN L. BRIGGS (SB# 174497)
   S. SEAN SHAHABI (SB# 204710)
2  THOREY M. BAUER (SB# 234813)
   HODEL BRIGGS WINTER LLP
3  8105 Irvine Center Drive, Suite 1400
   Irvine, CA 92618
4  Telephone: (949) 450-8040
   Facsimile: (949) 450-8033
5
   Attorneys for Defendant
6  DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN DIEGO

10

11  JOHN SONES, an individual, on behalf        CASE NO. 37-2008-00085515-CU-BT-
    of himself, and on behalf of all persons    CTL
12  similarly situated,

13                  Plaintiff,

14      vs.                                      **NOTICE TO ADVERSE PARTY OF
                                                 REMOVAL OF CIVIL ACTION TO
15  DOWNEY SAVINGS AND LOAN                      UNITED STATES DISTRICT COURT
    ASSN, F.A.; and Does 1 to 10,               PURSUANT TO 28 U.S.C. §§ 1331 AND
16                                               1441 (FEDERAL QUESTION)**

17                  Defendants.

18

19

20

21

22

23

24

25

26

27

28
    32056_1                              - 1 -
─────────────────────────────────────────────────────

1    TO PLAINTIFF JOHN SONES AND HIS ATTORNEYS OF RECORD:

2

3    PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in

4    the United States District Court for the Southern District of California on August 5, 2008.

5    A copy of said Notice of Removal and supporting exhibits are attached to this Notice, and

6    are served and filed herewith.

7

8    DATED: August 5, 2008        HODEL BRIGGS WINTER LLP
                                   GLENN L. BRIGGS
9                                  S. SEAN SHAHABI
                                   THOREY M. BAUER
10

11
                                   By: _____
12                                          THOREY M. BAUER

13                                 Attorneys for Defendant
                                   DOWNEY SAVINGS AND LOAN ASSOCIATION,
14                                 F.A.

15

16

17

18

19

20

21

22

23

24

25

26

27

28
     32056_1                        - 2 -

─────────────────────────────────────────────
NOTICE TO ADVERSE PARTY OF REMOVAL

1   GLENN L. BRIGGS (SB# 174497)
     S. SEAN SHAHABI (SB# 204710)
2   THOREY M. BAUER (SB# 234813)
     HODEL BRIGGS WINTER LLP
3   8105 Irvine Center Drive, Suite 1400
     Irvine, CA 92618
4   Telephone: (949) 450-8040
     Facsimile: (949) 450-8033

5

6   Attorneys for Defendant
     DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SAN DIEGO

10

11   JOHN SONES, an individual, on behalf    |   CASE NO. 37-2008-00085515-CU-BT-
     of himself, and on behalf of all persons   |   CTL
12   similarly situated,

13             Plaintiff,

14      vs.                            **NOTICE TO STATE COURT OF
                                   REMOVAL OF CIVIL ACTION TO
15   DOWNEY SAVINGS AND LOAN       UNITED STATES DISTRICT COURT
     ASSN, F.A.; and Does 1 to 10,         PURSUANT TO 28 U.S.C. §§ 1331 AND
16                              1441 (FEDERAL QUESTION)**

             Defendants.
17

18

19

20

21

22

23

24

25

26

27

28   32057_1                        - 1 -

1      TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF SAN

2    DEIGO:

3

4      Attached hereto as Exhibit "1" is a true and correct copy of the Notice to Adverse

5    Party of Removal of Civil Action to the United States District Court pursuant to 28 U.S.C.

6    sections 1331 and 1441(b)-(c) (federal question).  The original Notice of Removal was

7    filed with the United States District Court for the Southern District of California with the

8    attached exhibits on August 5, 2008.

9

10      The filing of the Notice of Removal effects the removal of the above-entitled

11   action from this Court.

12   DATED: August 5 , 2008          HODEL BRIGGS WINTER LLP
13                                    GLENN L. BRIGGS
                                      S. SEAN SHAHABI
14                                    THOREY M. BAUER

15

16                                    By: _____
17                                            THOREY M. BAUER

18                                    Attorneys for Defendant
                                      DOWNEY SAVINGS AND LOAN ASSOCIATION,
19                                    F.A.

20

21

22

23

24

25

26

27

28   32057_1                          - 2 -

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**

**AUG - 6 2008**

**CLERK, U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**BY _____ DEPUTY**

## I. (a) PLAINTIFFS
John Sones, an individual, on behalf of himself, and on behalf of all persons similarly situated

## DEFENDANTS
Downey Savings and Loan Assn, F.A.

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**08 CV 1416 J RBB**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Blumenthal & Nordrehaug, 2255 Calle Clara, La Jolla, CA 92037
United Employees Law Group, 65 Pine Ave #312, Long Beach, CA

Attorneys (If Known)
Hodel Briggs Winter LLP, 8105 Irvine Ctr Dr #1400, Irvine CA 92618

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Section 201 et seq.
Brief description of cause:
Action under Fair Labor Standards Act, and supplemental state-law claims

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
08/05/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 153684   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JAC 8/5/08

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 153684    — TC
# * * C O P Y * *
# August 05. 2008
# 15:16:03

## Civ Fil Non-Pris
USAO #.: 08CV1416
Judge..: NAPOLEON A JONES, JR
Amount.:                    $350.00 CK
Check#.: BC64608

## Total—> $350.00

FROM: JOHN SONES
       VS
       DOWNEY SAVINGS