1  GLENN L. BRIGGS (SB# 174497)
   gbriggs@hbwllp.com
2  S. SEAN SHAHABI (SB# 204710)
   sshahabi@hbwllp.com
3  THOREY M. BAUER (SB# 234813)
   tbauer@hbwllp.com
4  HODEL BRIGGS WINTER LLP
   8105 Irvine Center Drive, Suite 1400
5  Irvine, CA  92618
   Telephone: (949) 450-8040
6  Facsimile: (949) 450-8033

7  Attorneys for Defendant
   DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.
8
   BLUMENTHAL & NORDREHAUG
9  Norman B. Blumenthal (SB # 068687)
   Kyle R. Nordrehaug (SB # 205975)
10 Aparajit Bhomik (SB# 248066)
   2255 Calle Clara
11 La Jolla, CA 92037
   Telephone (858) 551-1223
12 Facsimile: (858) 551-1232

13 Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SONES, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DOWNEY SAVINGS AND LOAN ASSN, F.A; and DOES 1 to 10,<br><br>Defendants. | CASE NO. 08CV1416 J(RBB)<br><br>**JOINT EX PARTE APPLICATION FOR RELIEF FROM EARLY NEUTRAL EVALUATION CONFERENCE** |

32708_1

JOINT EX PARTE APPLICATION FOR RELIEF FROM LOCA RULE 16.1(c) AND ENE CONFERENCE

Plaintiff John Sones ("Plaintiff") and Defendant Downey Savings and Loan Association, F.A. ("Downey") hereby jointly apply ex parte to the Court for an order:

1. Relieving them from the currently-ordered Early Neutral Evaluation Conference set for Friday, September 5, 2008, at 8:30 a.m. in the chambers of United States Magistrate Judge Ruben B. Brooks; or

2. Relieving them from the requirement under Rule 16.1(c) that the parties personally appear at the Early Neutral Evaluation Conference; and

3. Permitting counsel to appear by telephone on September 5, 2008, for determination as to the scheduling of a conference under Rule 26(f), the scheduling of exchange of initial disclosures and the date for lodging a discovery plan, and the scheduling of a case management conference under Rule 16(b), pursuant to the Court's August 6, 2008, order.

Local Rule 16.1(c) states that upon receiving a written request from one or both parties for relief from the Early Neutral Evaluation Conference, the "Judicial Officer shall examine the circumstances of the case and the reasons for the request and determine whether any such conference would assist in the reduction of expense and delay in the case." In this case, an ENE would not serve the interests of the parties or the Court.

Plaintiff has brought a wage-and-hour class action against Downey. Plaintiff has brought causes of action under the Fair Labor Standards Act and various state-law codes, claiming that Downey misclassified employees as exempt, and therefore failed to pay overtime as required by state and federal law. Plaintiff also alleges

1  that Downey failed to provide meal periods and failed to indemnify for necessary
2  expenditures incurred by Plaintiff in direct consequence of the discharge of his
3  duties.
4
5      Counsel for both parties are experienced in the settlement of wage-and-hour
6  class actions. Settlement usually occurs only after meaningful mediation before a
7  private mediator who specializes in settling wage-and-hour cases. In order to
8  prepare for mediation, the parties must first conduct significant legal research and
9  analysis, formally or informally exchange information and documents and, often,
10 retain consulting experts in order to calculate and determine the range of possible
11 settlement amounts. At this time, neither of the parties possess information
12 sufficient to allow resolution of Plaintiff's claims on a class-wide basis. Indeed,
13 without legal research and a formal or informal exchange of information, it would
14 be impossible for the parties to determine the correct value of the class claims, and
15 therefore, the parties would have no basis on which to make or accept an offer of
16 settlement, and more importantly, Plaintiff's counsel would have no basis on which
17 to discharge their ethical duty to protect the interests of unnamed class members.
18
19     As a result, an early neutral evaluation conference in this case would not
20 assist in the reduction of expense and delay of this case, but rather would likely be
21 unproductive at this stage of litigation. In the even the Court determines that the
22 early neutral evaluation conference should go forward as currently scheduled,
23 however, the parties request that they be permitted to attend by telephone, while
24 their counsel attend personally.
25
26     If the Court determines that it will not proceed with the early neutral
27 evaluation conference, but will proceed with the scheduling of a Rule 26(f)
28 conference, dates for the exchange of initial disclosures, and scheduling of a case

1 management conference -- as outlined in its August 6, 2008, order -- counsel for
2 both parties request that they be permitted to appear by telephone.
3
4     For the foregoing reasons, the parties respectfully request the relief set forth
5 above.
6
7 DATED:  August ___, 2008        HODEL BRIGGS WINTER LLP
                                  GLENN L. BRIGGS
                                  S. SEAN SHAHABI
8                                 THOREY M. BAUER
9
                                  By:  /s/Thorey M. Bauer
10                                        THOREY M. BAUER
                                  Attorneys for Defendant
11                                DOWNEY SAVINGS AND LOAN
                                  ASSOCIATION, F.A.
12
13
14 DATED:  August ___, 2008        BLUMENTHAL & NORDREHAUG
                                   NORMAN B. BLUMENTHAL
15                                 KYLE R. NORDREHAUG
                                   APARAJIT BHOWMIK
16
17                                 By:  /s/Aparajit Bhowmik
                                         APARAJIT BHOWMIK
18                                 Attorneys for Plaintiff
                                   JOHN SONES
19
20
21
22
23
24
25
26
27
28

32708_1                          - 4 -
JOINT EX PARTE APPLICATION FOR RELIEF FROM LOCA RULE 16.1(c) AND ENE CONFERENCE