1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  JOHN SONES, an individual, on  )   Civil No. 08CV1416 W(RBB)
    behalf of himself, and on      )
12  behalf of all persons similarly )  CASE MANAGEMENT CONFERENCE
    situated,                      )   ORDER REGULATING DISCOVERY AND
13                                 )   OTHER PRETRIAL PROCEEDINGS
                     Plaintiff,    )
14  v.                             )   (Rule 16, Fed.R.Civ.P.)
                                   )   (Local Rule 16.1)
15  DOWNEY SAVINGS AND LOAN ASSN,  )
    F.A.; and Does 1 to 10,        )
16                                 )
                     Defendants.   )
17  _____ )

18  Pursuant to rule 16 of the Federal Rules of Civil Procedure, a

19  case management conference was held on September 5, 2008.  After

20  consulting with the attorneys of record for the parties and being

21  advised of the status of the case, and good cause appearing,

22      IT IS HEREBY ORDERED:

23      1.  All discovery shall be completed by all parties on or

24  before July 6, 2009.  All motions for discovery shall be filed no

25  later than thirty (30) days following the date upon which the event

26  giving rise to the discovery dispute occurred.  For oral discovery,

27  the event giving rise to the discovery dispute is the completion of

28  the transcript of the affected portion of the deposition.  For

                                  1

written discovery, the event giving rise to the discovery dispute is the service of the response.  All interrogatories and document production requests must be served by <u>May 6, 2009</u>.

2.    Plaintiff(s) shall serve on all other parties a list of expert witnesses whom Plaintiff(s) expect(s) to call at trial by <u>May 6, 2009</u>.  Defendant(s) shall serve on Plaintiff(s) a list of expert witnesses Defendant(s) expect(s) to call at trial by <u>June 5, 2009</u>.  Each party may supplement its designation in response to the other party's designation no later than <u>June 19, 2009</u>.  The parties must identify any person who may be used to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts.  The designation(s) shall comply with rule 26(a)(2) of the Federal Rules of Civil Procedure and be accompanied by a written report prepared and signed by each witness, including in-house or other witnesses providing expert testimony.  The failure to fully comply with these requirements may result in the exclusion of expert testimony.  A written report is not required from a witness giving testimony as a percipient expert.

3.    Any motion to join other parties, to amend the pleadings or to file additional pleadings shall be filed and heard on or before <u>April 6, 2009</u>.  Plaintiffs' counsel is to file a motion to certify the class no later than <u>February 13, 2009</u>.

4.    All other pretrial motions must be filed on or before <u>August 5, 2009</u>.  Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  **<u>Be further advised that the period of time between the date you request a motion date and the hearing</u>**

1  **date may vary from one district judge to another.  Please plan**

2  **accordingly.**  For example, you should contact the judge's law clerk

3  in advance of the motion cutoff to calendar the motion.  Failure to

4  timely request a motion date may result in the motion not being

5  heard.

6        Questions regarding this case should be directed to the

7  judge's law clerk.  The Court draws the parties' attention to Local

8  Rule 7.1(e)(4) which requires that the parties allot <u>additional</u>

9  <u>time for service of motion papers by mail</u>.  Papers not complying

10  with this rule shall not be accepted for filing.

11        Briefs or memoranda in support of or in opposition to any

12  pending motion shall not exceed twenty-five (25) pages in length

13  without leave of the judge who will hear the motion.  No reply

14  memorandum shall exceed ten (10) pages without leave of the judge

15  who will hear the motion.

16        Pursuant to Civil Local Rule 7.1(f)(3)(c), if an opposing

17  party fails to file opposition papers in the time and manner

18  required by Civil Local 7.1(e)(2), that failure may constitute a

19  consent to the granting of a motion or other request for ruling by

20  the court.  Accordingly, all parties are ordered to abide by the

21  terms of Local Rule 7.1(e)(2) or otherwise face the prospect of any

22  pretrial motion being granted as an unopposed motion pursuant to

23  Civil Local Rule 7.1(f)(3)(c).

24        Should either party choose to file or oppose a motion for

25  summary judgment or partial summary judgment, no Separate Statement

26  of Disputed or Undisputed Facts is required.

27        5.    Further settlement conferences shall be held at

28  appropriate intervals during the course of the litigation in the

1  chambers of Judge Ruben B. Brooks.  A further settlement conference

2  shall be held on <u>March 11, 2009, at 1:30 p.m.</u>  A mandatory

3  settlement conference date will be set at one of the scheduled

4  settlement conferences.

5      All parties, claims adjusters for insured Defendants and non-

6  lawyer representatives with complete authority to enter into a

7  binding settlement, as well as the principal attorneys responsible

8  for the litigation, must be present and legally and factually

9  prepared to discuss and resolve the case at the mandatory

10 settlement conference and at all settlement conferences.  Retained

11 outside corporate counsel shall not appear on behalf of a

12 corporation as the party representative who has the authority to

13 negotiate and enter into a settlement.  Failure to attend or obtain

14 proper excuse will be considered grounds for sanctions.

15     If Plaintiff is incarcerated in a penal institution or other

16 facility, the Plaintiff's presence is not required at conferences

17 before Judge Brooks, and the Plaintiff may participate by

18 telephone.  In that case, defense counsel is to coordinate the

19 Plaintiff's appearance by telephone.

20     **Confidential written settlement statements for the mandatory**

21 **settlement conference shall be lodged directly in the chambers of**

22 **Judge Brooks no later than five court days before the mandatory**

23 **settlement conference.**  The statements need not be filed with the

24 Clerk of the Court or served on opposing counsel.  The statements

25 will not become part of the court file and will be returned at the

26 end of the conference upon request.  Written statements may be

27 lodged with Judge Brooks either by mail or in person.

28

4

08CV1416 W(RBB)

1    Any statement submitted should avoid arguing the case.
2  Instead, the statement should include a neutral factual statement
3  of the case, identify controlling legal issues, and concisely set
4  out issues of liability and damages, including any settlement
5  demands and offers to date and address special and general damages
6  where applicable.

7    If appropriate, the Court will consider the use of other
8  alternative dispute resolution techniques.

9    6.   Despite the requirements of Civil Local Rule 16.1(f),
10  neither party is required to file Memoranda of Contentions of Fact
11  and Law at any time.  The parties shall instead focus their efforts
12  on complying with their pretrial disclosure requirements under rule
13  26(a)(3) of the Federal Rules of Civil Procedure by November 20,
14  2009, and drafting and submitting a proposed pretrial order by the
15  time and date specified by Local Rule 16.1(f)(6).

16    7.   Counsel shall confer and take the action required by
17  Local Rule 16.1(f)(4) on or before November 25, 2009.  A personal
18  meeting between an incarcerated Plaintiff, acting in pro per, and
19  defense counsel is not required.

20    At this meeting, counsel shall discuss and attempt to enter
21  into stipulations and agreements resulting in simplification of the
22  triable issues.  Counsel shall exchange copies and/or display all
23  exhibits other than those to be used for impeachment, lists of
24  witnesses and their addresses including experts who will be called
25  to testify and written contentions of applicable facts and law.
26  The exhibits shall be prepared in accordance with Local Rule
27  16.1(f)(2)(c).  Counsel shall cooperate in the preparation of the
28  proposed final pretrial conference order.

08CV1416 W(RBB)

1     8.   The proposed final pretrial conference order, including

2 objections to any party's Fed. R. Civ. P. 26(a)(3) pretrial

3 disclosures, shall be prepared, served and lodged with the Clerk of

4 the Court on or before <u>November 30, 2009,</u> and shall be in the form

5 prescribed in and in compliance with Local Rule 16.1(f)(6).

6 Counsel shall also bring a court copy of the pretrial order to the

7 pretrial conference.

8     In addition to submitting the proposed final pretrial

9 conference order, the parties are further ordered to separately

10 submit informal letter briefs, not exceeding two single-spaced

11 pages, served on opposing counsel and received in the chambers of

12 the Honorable Thomas J. Whelan, United States District Court Judge

13 (and not filed with the Clerk's Office) no later than ***(five days***

14 ***prior to Pretrial Conference)***.

15     The letter brief should be a relatively informal and

16 straightforward document.  The letter brief should outline a short,

17 concise and objective factual summary of the party's case in chief,

18 the number of hours/days each party intends to expend at trial, the

19 approximate number of witnesses, whether certain witnesses will be

20 coming in from out of town, the number of testifying expert

21 witnesses, whether any unique demonstrative exhibits may be

22 presented, the number of proposed motions in limine that may be

23 filed, precisely when the parties would be prepared to submit their

24 in limine papers (and whether the parties have met and conferred

25 with respect to in limine issues), the issue of proposed jury

26 instructions and when the parties intend to submit them before

27 trial, and voir dire issues, either party's preference as to what

28 date(s) the trial should begin and any other pertinent information

1   that either party may deem useful to assist the Court in the

2   execution of the pretrial conference and in setting the matter for

3   trial.

4        9.    The final pretrial conference shall be held before the

5   Honorable Thomas J. Whelan, United States District Judge, on

6   December 7, 2009, at 10:30 a.m.

7        10.   The dates and times set forth herein will not be modified

8   except for good cause shown.

9        11.   Plaintiff's(s') counsel shall serve a copy of this order

10  on all parties that enter this case hereafter.

11

12  Dated:   September 5, 2008

13                                    RUBEN B. BROOKS
                                      United States Magistrate Judge

14
    cc:   All Parties of Record
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CASE RESOLUTION GUIDELINES

2

### Attendance

3

        All parties and claims adjusters for insured Defendants and
representatives with complete authority to enter into a binding
settlement, as well as the principal attorney(s) responsible for
the litigation, must be present and legally and factually prepared
to discuss and resolve the case.  Failure to attend or obtain
proper excuse will be considered grounds for sanctions.

### Case Resolution Conference Briefs

        Written statements, when specifically requested, shall be
lodged in the chambers of Judge Brooks no later than five court
days before the scheduled conference.  The statements will not
become part of the court file.  Written statements may be submitted
on a confidential basis and lodged with Judge Brooks either by mail
or in person.

        Any statement submitted should avoid arguing the case.
Instead the statement should include a neutral factual statement of
the case and concisely set out issues of liability and damages,
including any settlement demands and offers to date, and address
special and general damages where applicable.

        If appropriate, the court will consider the use of other
alternative dispute resolution techniques.

        If you have any further questions, please feel free to contact
my research attorney, at (619) 557-3404.